**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GARRY MEIER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08 C 216 |
| TODD W. MUSBURGER, individually, and | ) | Judge Der-Yeghiayan |
| d/b/a as a non-existent entity known as "Law | ) | Magistrate Judge Cole |
| Offices Of Todd W. Musburger, Ltd.", TODD | ) | |
| W. MUSBURGER, LTD., an Illinois | ) | |
| corporation, and BRIAN MUSBURGER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND ................................................................................ 2

      A.    Claims in Prior Lawsuit .................................................................... 2

      B.    Meier's Claims in this Lawsuit ........................................................ 5

ARGUMENT ........................................................................................................ 7

I.     MEIER HAS FAILED TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................................................................ 7

II.    THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ROOKER-FELDMAN DOCTRINE ................................................ 7

III.   ALL OF MEIER'S CLAIMS ARE BARRED BY RES JUDICATA ............................. 9

      A.    There was a Final Judgment on the Merits ...................................... 10

      B.    There is an Identity of Cause of Action .......................................... 12

      C.    There is an Identity of Parties or Privity ........................................ 14

IV.   MEIER'S RICO CLAIMS SHOULD BE DISMISSED ................................. 16

      A.    Musburger was a Legal Entity ......................................................... 17

            1.    The Private Employment Agency Act Does Not Apply to Musburger ............................................................................ 17

            2.    Failure to Register Pursuant to Rule 721 Does Not Make a Law Firm Illegal, nor does it Void Fee Agreements....................... 18

            3.    Todd W. Musburger, Ltd. was Properly Registered with the Illinois Secretary of State .................................................... 18

      B.    Meier Fails to State a Claim for RICO ............................................ 19

            1.    Count I Fails to Specify which Section of RICO Musburger Allegedly Violated .................................................................. 19

            2.    Meier Lacks Standing to Bring RICO Claims ......................... 20

            3.    Meier has Not Met the Standard for Pleading RICO with Particularity under Rule 9(b) ................................................. 22

            4.    Meier's Complaint Fails to Set Forth Allegations Against Musburger that are Sufficient to State a Claim Upon Which Relief Can be Granted ...................................................................... 23

            5.    Meier's RICO Claims are Time-Barred................................... 26

V.    MEIER'S ILLINOIS ATTORNEYS ACT CLAIM SHOULD BE DISMISSED........... 27

      A.    The Illinois Attorneys Act Does Not Apply .................................... 27

      B.    There is no Cause of Action for a Violation of the Illinois Attorneys Act .......... 28

# TABLE OF CONTENTS
### (continued)

**Page**

VI.   MEIER'S ANTITRUST CLAIMS SHOULD BE DISMISSED ...................................28

   A.    Meier Fails to State a Claim for Antitrust............................................28

   B.    Meier's Claim is Time-Barred ...........................................................29

   C.    Meier Lacks Standing to Bring this Claim ........................................29

VII.   MEIER CLASS ACTION CLAIM SHOULD BE DISMISSED ...................................30

# TABLE OF AUTHORITIES

**Page**

## CASE SITES

*A.W. Wendell and Sons, Inc. v. Qazi*, 626 N.E.2d 280 (Ill. App. Ct. 1993) ................................ 12

*A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399 (7th Cir. 1992) ...................... 30

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987) ......................................................................................................... 26

*Associated General Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723103 (1983) ............................................................................ 29

*Audio Car Stereo v. Little Guys*, No. 04 C 3562, 2004 WL 3019298 (N.D. Ill. 2004) ............... 30

*Bachman v. Bear Sterns & Co., Inc.*, 178 F.3d 930 (7th Cir. 1999) ........................................... 26

*Baldassone v. Gorzelanczyk*, 667 N.E.2d 639 (Ill. App. Ct. 1996) ............................................ 10

*Beck v. Prupis*, 529 U.S. 494, 506, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000) .......................... 22

*Bell Atlantic Corp. v. Twombly*, -- U.S. ---, 167 L. Ed. 2d 929, 127 S. Ct. 1955 (2007) ....... 28, 30

*Bennett v. Gordon*, 668 N.E.2d 109 (Ill. App. Ct. 1996) ...................................................... 12, 13

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286 (7th Cir. 2007) ............................. 8

*Cannon v. Loyola Univ. of Chi.*, 784 F.2d 777 (7th Cir. 1986) ................................................... 16

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir.2002) ...................................................... 2

*Clemons v. Mech. Devices Co.*, 781 N.E.2d 1072 (Ill. 2002) ...................................................... 11

*Corcoran-Hakala v. Dowd*, 840 N.E.2d 286 (Ill. App. Ct. 2005) ......................................... 12, 13

*Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073*, 1080 (Ill. 1993) 10

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) ......................................................................................................................... 7

*Dreis v. Kruimp Mtf. Co. v. Int'l Ass'n of Machinists & Aero. Workers*, 802 F.2d 247, 255 (7th Cir. 1986) ....................................................................................................................... 27

*Durr v. Intercounty Title Co. of Illinois*, 14 F.3d 1183 (7th Cir.1994) ....................................... 30

*Emery v. Am. Gen. Fin.*, 71 F.3d 1343 (7th Cir. 1995) ......................................................... 24, 26

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Fitzgerald v. Chrysler Corp.*, 116 F.3d 225 (7th Cir. 1997)..........................................26

*Ford Motor Credit Co. v. Sperry*, 827 N.E.2d 422 (Ill. 2005)......................................18

*Gecker v. Salta Group, Inc.*, No. 04 C 1843, 2004 WL 2005802, *3 (N.D. Ill. Aug. 25, 2004)....8

*Gumma v. White*, 833 N.E.2d 834 (Ill. 2005) ...............................................................15

*H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) ...........................................................................................................................25

*Hale v. Ault*, 403 N.E.2d 635 (Ill. App. Ct. 1980) ........................................................12

*Harshman v. DePhillips*, 844 N.E.2d 941 (Ill. 2006) ...................................................11

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992). 20

*Holzrichter v. County of Cook*, 595 N.E.2d 1237 (Ill. App. Ct. 1992) ...................28, 29

*Hudson v. City of Chicago*, No. 10-0466, 2008 WL 217175 (Ill. January 25, 2008)...................10

*Joseph P. Storto, P.C. v. Becker*, 792 N.E.2d 384 (Ill. App. Ct. 2003) ........................18

*Kane, McKenna and Associates, Inc. v. Remcorp, Inc.*, No. 87 C 5535, 1988 WL 9108 (N.D. Ill. Jan. 29, 1988)..........................................................................................................30

*Lachmund v. ADM Investor Servs.*, 191 F.3d 777 (7th Cir. 1999) ...............................20

*Lance v. Dennis*, 546 U.S. 459, 465, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) ......................8

*Local 25 S.E.I.U. Welfare Fund v. Great Lakes Maint. & Sec. Corp.*, 55 Fed. Appx. 373 (7th Cir. 2002) ........................................................................................................................2

*McCool v. Strata Oil Co.*, 972 F.2d 1452 (7th Cir.1992) ............................................26

*McDonald v. Schencker*, 18 F.3d 491 (7th Cir. 1994) ................................................23

*McKinney v. Illinois*, 720 F. Supp. 706 (N.D. Ill. 1989)...............................................24

*O'Keefe v. Courtney*, 655 F. Supp. 16 (N.D. Ill. 1985) ...............................................19

*People ex rel. Burris v. Progressive Land Developers, Inc.*, 602 N.E.2d 820 (Ill. 1992) ............14

*People ex rel. Hartigan v. Moore,* 493 N.E.2d 85 (Ill. App. Ct. 1986) ........................29

*People v. Hubbard*, 145 N.E. 93 (Ill. 1924)................................................................27

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Purmal v. Robert N. Wadington & Assocs.*, 820 N.E.2d 86 (Ill. App. Ct. 2004) . 10, 12, 13, 14, 15

*Rathke v. Lidisky*, 375 N.E.2d 871 (Ill. App. Ct. 1978) ........................................................ 27, 28

*Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199 (Ill. 1996) ......................................... 10

*Retired Chicago Police Ass'n v. City of Chicago*, 1997 U.S. Dist. LEXIS 1188 (N.D. Ill. 1997) 30

*Reynolds v. East Dyer Dev. Co.*, 882 F.2d 1249 (7th Cir. 1989) .................................. 19

*River Park v. City of Highland Park*, 703 N.E.2d 883 (Ill. 1998) ................................ 12

*Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ............... 7

*Ross v. Bd. of Educ.*, 486 F.3d 279 (7th Cir. 2007) ........................................................ 10

*Sedima, S.P.R.L v. Imrex, Co.*, 473 U.S. 479, 495-96, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) ........................................................................................................... 20, 22, 25

*SJ Advanced Technology & Mfg. Corp. v. Junkunc*, 627 F. Supp. 572 (N.D. Ill. 1986) ............. 19

*Slaney v. The International Amateur Athletic Federation*, 244 F.3d 580 (7th Cir. 2001) ........... 23

*Terpening v. Irving*, 222 F. Supp. 2d 1135 (C.D. Ill. 2002) ........................................ 7

*Torres v. Fiol*, 441 N.E.2d 1300 (Ill. App. Ct. 1982) ................................................... 27

*Travelers Casualty & Surety Co. v. Madden*, 806 N.E.2d 245 (Ill. App. Ct. 2004) ................... 15

*Trustees of Local 734 Bakery Drives Health and Welfare Plan v. Wolff*, No. 07 C 2070, 2008 WL 320394 (N.D. Ill. January 31, 2008) .................................................................. 2

*Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771 (7th Cir. 1994) ..................... 21

*Weirich v. Wehrli*, No. 06 C 3465, 2007 WL 2410482 (N.D. Ill. Aug. 16, 2007) ........................ 9

*Willy v. Coastal Corp.*, 503 U.S. 131, 137-38, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992) .......... 9

*Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004) ................................ 29

*Xino v. Kappos*, 270 F. Supp. 2d 1027 (N.D. Ill. 2003) ................................................. 21

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Todd W. Musburger, individually, Todd W. Musburger, Ltd., an Illinois corporation, and Brian Musburger, (collectively "Musburger"), by their attorneys, submit this Memorandum in support of their Motion to Dismiss the Complaint filed against them by Plaintiff Garry Meier.

## <u>INTRODUCTION</u>

Meier's complaint should be dismissed for three principal reasons: (1) the court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; (2) if the court has subject matter jurisdiction, this action is barred by *res judicata*; (3) even if *res judicata* does not bar this entire action, the RICO, Illinois Attorney's Act violation, antitrust, and class action claims fail to state a claim upon which relief can be granted.

The very same claims raised by Meier in his eighteen-count Federal Complaint were previously addressed in state court last year.[1] Musburger filed suit against Garry Meier on April 1, 2004 in Illinois state court to collect attorney fees for the legal services performed for Meier in 2002 and 2003.[2] After three years of contentious litigation, a jury awarded Musburger $68,750 on January 29, 2007. During the State Case, Meier filed detailed affirmative defenses, various counterclaims, a third-party complaint against Brian Musburger, and several dispositive motions. In these verified pleadings, Meier claimed that he was entitled to the disgorgement of all fees which Musburger received from Meier. The judge and jury rejected Meier's claims. Since the entry of the judgment in the State Case, Meier has filed a post-trial motion (which was denied), a

---

[1] In an effort to facilitate the comparison of Meier's claims in the State Case with those in his Federal Complaint, we have attached a side by side comparison of the claims as <u>Exhibit A</u>.
[2] Meier's previously dismissed claims appear in various pleadings filed by Meier in the "State Case," *Law Offices of Todd W. Musburger v. Garry Meier*, 2004 L 3760 (Cook County, Judge Ronald Bartkowicz, Judgment of January 30, 2007).

separate Petition to Vacate the Judgment (which was denied), and an appeal (which is pending). The foundation for Meier's allegations of "fraud" and "racketeering" in the Federal Complaint are the <u>same</u> discredited claims and defenses Meier raised in the State Case. *See* <u>Exhibit A</u>. To say that Meier's claims and allegations in his Federal Complaint and the State Case are inextricably intertwined is an understatement. This Court should dismiss this Federal Complaint because Meier is effectively seeking a review of the judgment in the State Case, or alternatively, all the claims are barred by *res judicata*.

Even if the claims are not barred by *res judicata*, they fail to meet the basic pleading requirements of Rules 8(a) and 9(b). Moreover, Meier's asserted claims are meritless under applicable authority and fail to state a cause of action for the RICO, Illinois Attorney's Act violation, antitrust, and class action and should be dismissed pursuant to Rule 12(b)(6).

## **FACTUAL BACKGROUND**

### A.    **Claims in Prior Lawsuit.**

*State Trial Court Proceedings*

On April 1, 2004, The Law Offices of Todd W. Musburger sued Meier to collect fees for legal services performed for Meier between September 2002 and September 2003. (*See* <u>Exhibit E</u>, 4/1/2004 Verified Complaint.[3]) In response, Meier filed affirmative defenses claiming that (1) the plaintiff was not a legal entity with the capacity to sue; (2) Musburger breached his fiduciary duty by representing clients with conflicting interests to Meier; and (4) Musburger

---

[3] On a motion to dismiss pursuant to Rule 12(b)(6), courts limit their consideration to (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002). A federal court deciding a motion to dismiss based on *res judicata* will take judicial notice of state court pleadings attached to the motion. *See Local 25 S.E.I.U. Welfare Fund v. Great Lakes Maint. & Sec. Corp.*, 55 Fed. Appx. 373, 374 (7th Cir. 2002) (where defendant filed motion to dismiss based on *res judicata*, court took judicial notice of attached state pleadings); *Trustees of Local 734 Bakery Drives Health and Welfare Plan v. Wolff*, No. 07 C 2070, 2008 WL 320394 (N.D. Ill. January 31, 2008) (same).

breached his fiduciary duties by failing to follow instructions from Meier, failing to provide information regarding contract terms, failing to keep a detailed record of his time, and failing to keep Meier reasonably informed about his negotiation.  (*See* <u>Exhibit F</u>, Meier 1/19/05 Answer and Amended Counterclaim.)  In addition, Meier filed counterclaims alleging (Count I) breach of fiduciary duty; (Count II) intentional infliction of emotional distress; and (Count III) public disclosure of private facts.  *Id.*  In these pleadings, Meier requested the disgorgement of *all fees which Todd W. Musburger, Ltd. received* or claims it had a right to receive in connection with its representation of Meier.  *Id.*

In October 2007, Meier filed a Third Amended Counterclaim, alleging (Count I) professional negligence relating to the services for which Musburger sought compensation; (Count II) breach of fiduciary duty – disobedience of client directives; (Count III) professional negligence – failure to disclose new offer; (Count IV) public disclosure of private facts; (Count V) breach of fiduciary duty – conflict of interest; and (Count VI) breach of fiduciary duty – excessive, improper and fraudulent billing.  (*See* <u>Exhibit G</u>, Meier's October 2007 Motion for Leave to file a Third Amended Counterclaim and Third Party Complaint, along with his proposed pleadings.)  Meier also moved for Leave to File a Third Party Complaint against Brian Musburger, alleging that Brian Musburger breached his fiduciary duties, impermissibly split fees with a lawyer, charged for services that Meier did not consent to, and overcharged for his services.  (*See* <u>Exhibit H</u>, Meier's Motion for Leave to File a Third Party Complaint against Brian Musburger.)  The trial court allowed Meier to file his Third Amended Counterclaim, but denied Meier's Motion for Leave to File a Third Party Complaint against Brian Musburger on November 27, 2006.  In addition, the court dismissed Count VI of Meier's Third Amended Counterclaim as a matter of law.  (*See* <u>Exhibit I</u>, 11/27/2007 Order denying Meier's Leave to

File a Third Party Complaint against Brian Musburger and dismissing Count VI of Meier's Third Amended Counterclaim.)

On the eve of the January 23, 2007 trial, Meier filed a motion to dismiss Musburger's Complaint and a Motion for Leave to file a Fourth Amended Counterclaim and a Fifth Affirmative Defense.  (*See* Exhibit J, Meier's 1/17/2007 Motion for Leave to File a Fourth Amended Counterclaim and Fifth Affirmative Defense, along with his proposed pleadings; Exhibit K Meier's 1/17/2007 Motion to Dismiss.)  These pleadings each relied on Meier's assertion that Musburger acted as an "employment agency" in violation of the Illinois Private Employment Agency Act, 225 ILCS 515/0.01.  After a hearing on January 22, 2007, the court dismissed this claim on the merits.  (*See* Exhibit L, 1/22/2007 hearing transcript.)  Meier then filed a motion to voluntarily dismiss his remaining Counterclaims.

After a week-long trial, on January 29, 2007, a Cook County jury awarded Musburger $68,750 on the single count remaining at issue— Musburger's *quantum meruit* claim.  (*See* Exhibit M, 1/29/2007 Verdict and 1/30/2007 Judgment Order.)

### State Post-Trial and Appellate Court Proceedings

Meier's post-trial motion (Exhibit N) was denied on September 26, 2007, and Meier has filed an appeal.  In his post-trial motion and November 8, 2007 appellate docketing statement (Exhibit O), Meier claims that the State Court judgment should be reversed for a number of reasons, including (1) the State Case judgment was a nullity because the name of the plaintiff in the caption was mis-described as "Todd W. Musburger, Ltd." rather than "Law Offices of Todd W. Musburger, Ltd."; (2) Musburger's contract with Meier was illegal and unenforceable (*see* Exhibit N, p. 3); (3) Musburger was discharged by Meier "for cause" (*see* Exhibit N, p. 3-4); (4) Musburger attempted to bill fees for a non-lawyer Brian Musburger in violation of the Illinois

Attorney Act, 705 ILCS 205/1 (*see* <u>Exhibit N</u>, p. 4); (5) Musburger acted as an "employment agency" in violation of the Illinois Private Employment Agency Act (*see* <u>Exhibit N</u>, p. 5); and (6) the State Court judgment is void because The Law Offices of Todd W. Musburger was not an assumed name of Todd W. Musburger, Ltd. (*see* <u>Exhibit O</u>, p. 3).

<u>*Meier's Petition to Vacate the Judgment*</u>

On October 18, 2007, Meier also filed a Petition to Vacate the Judgment pursuant to 735 ILCS 5/2-1401, (<u>Exhibit P</u>) claiming the judgment in the State Case is void because the name of the plaintiff in the caption should have been "Todd W. Musburger, Ltd." rather than "The Law Offices of Todd W. Musburger, Ltd." Musburger moved to dismiss this Petition in the State Case because this technical defect is merely a misnomer that does not warrant vacating the judgment. (*See* <u>Exhibit Q</u>, Musburger's Motion to Dismiss Petition.) The trial court agreed and, on March 14, 2008, granted Musburger's motion to dismiss. (*See* <u>Exhibit R</u>, 3/14/2008 Order.)

**B.    Meier's Claims in this Lawsuit.**

Although Meier's claims have been rejected in the State Case by the judge and jury, Meier filed this Federal Complaint on January 9, 2008, adding only empty rhetoric and a litany of baseless allegations. (*See* <u>Exhibit B</u>, Federal Complaint.) The State and Federal cases arise out of the same set of operative facts: the legal services performed for Meier by Musburger. In fact, Meier's Federal Complaint is essentially identical to the claims and defenses he advanced in the State Case. Meier's January 9, 2008, Federal Complaint asserts thirteen causes of action: (1) Racketeer Influenced and Corrupt Organization Act ("RICO"); (2) Conspiracy to Violate RICO; (3) Legal Malpractice; (4) Breach of Fiduciary Duty – Disobedience of Client Directives; (5) Legal Malpractice – Failure to Disclose New Offer; (6) Public Disclosure of Private Facts; (7) Breach of Fiduciary Duty – Conflict of Interest; (8) Breach of Fiduciary Duty – Fraud; (9) Restitution – Return of Fees and Commissions Illegally Collected in Violation of the Private

- 5 -

Employment Agency Act; (10) Legal Malpractice Act – Self-Dealing; (11) Common Law Fraud and Deceit; (12) Declaratory Judgment declaring all dealings and contracts null and void; and (13) Violation of the Illinois Attorneys Act.

On January 22, 2008, Meier filed an Amended Complaint with five additional counts: (14) Recession (*sic*); (15) Illinois Consumer Fraud and Deceptive Business Practice Act Claim; (16) Illinois Antitrust Act Claim; (17) Unjust Enrichment; and (18) Class Action.  (*See* Exhibit B, Amended Complaint.)  On February 11, 2008, Meier filed a First Amended Complaint with minor modifications.  (*See* Exhibit C First Amended Federal Complaint "1st Amend. Compl.")

Meier's claims are in this case and the State Case are the same:

- Meier's RICO counts and declaratory judgment count (Counts I, II, and XII) are based on his position that the Law Offices of Todd W. Musburger was not a legal entity.  Meier previously made the same claims in his First Affirmative Defense, which was rejected by the jury; and in his Petition to Vacate the Judgment, which was denied by the judge; and in his pending appeal.  (*See* Exhibits F, P.)

- Meier's legal malpractice, breach of fiduciary duty, and fraud claims (Counts III, IV, V, VII, VIII, X, XI, and XV) are reiterations of his affirmative defenses, which were rejected by the jury; and his state court counterclaims in the State Case, which he voluntarily dismissed.  (*See* Exhibit F.)

- Meier's claim of Public Disclosure of Private Facts (Count VI) is identical to one of his state court counterclaims, which he voluntarily dismissed.  (*See* Exhibits F.)

- Meier's claim that Musburger violated the Private Employment Agency Act (Counts I, II, and IX) was raised in his Motion to Dismiss, his Fifth Affirmative Defense, his Fourth Amended Counterclaim, and his Petition to Vacate the Judgment, all of which were explicitly rejected by the State court.  (*See* Exhibits J, K, P.)

- Meier's claim that Musburger violated the Illinois Attorneys Act (Count XIII) by billing for Brian Musburger's services was raised in Meier's Post-Trial Motion and rejected by the State court.  It is also identified by Meier as an issue in the pending appeal. (*See* Exhibits N, O.)

- Meier's claim that all contracts between Meier and Musburger are null and void (Counts XIV and XVII) was raised in Meier's Petition to Vacate the Judgment, which was denied by the State court.  (*See* Exhibit P.)

- Meier's claim that Musburger violated Illinois Supreme Court Rule 721 (Counts I and II) was raised in Meier's Petition to Vacate the Judgment, which was denied by the State court.  (*See* <u>Exhibit P</u>.)

- Meier's claim that Musburger violated the Business Corporations Act (Counts I and II) was raised in Meier's Petition to Vacate the Judgment, which was denied by the State court.  (*See* <u>Exhibits P</u>.)

- Meier's allegations against Brian Musburger are identical to the allegations that he previous raised in his Third Party Complaint against Brian Musburger, which the State court also rejected.  (*See* <u>Exhibits H</u>.)

- Meier's remaining claims were resolved by the jury when it examined all of the evidence and ruled in favor of Musburger.

## <u>ARGUMENT</u>

### I.    MEIER HAS FAILED TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint where it is clear that plaintiff can establish no set of facts upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  While courts must accept as true all well-pled factual allegations and must draw all reasonable inferences there from in favor of plaintiff, courts should disregard conclusory allegations and legal conclusions.  *See Terpening v. Irving*, 222 F. Supp. 2d 1135, 1137 (C.D. Ill. 2002).  In this case, Meier has failed to state any claim upon which relief can be granted.  This court has no jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine.  Alternatively, Meier's claims are barred by *res judicata*, and specifically, Meier's RICO, Illinois Attorney's Act violation, antitrust, and class action claims fail to state a claim

### II.    THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE.

The *Rooker-Feldman* doctrine bars this suit.  In *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) the United States

- 7 -

Supreme Court held that federal district courts lack jurisdiction to reverse or modify final state court judgments. Under the *Rooker-Feldman* doctrine, federal courts are not authorized to afford relief "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 465, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006).

"In determining whether a federal plaintiff seeks review of a state-court judgment, [courts] ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim." *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (holding that *Rooker-Feldman* doctrine barred suit). "*Rooker-Feldman* also applies to bar federal claims that are 'inextricably intertwined' with a state-court judgment, except where the plaintiff lacked a reasonable opportunity to present those claims in state court." *Id*. Subsequent claims may be fairly characterized as inextricably intertwined with prior state court judgments when they amount to the "functional equivalent of an appeal." *Gray v. Poole,* 275 F.3d 1113, 1119 (D.C. Cir.2002). Moreover, "[i]n determining whether *Rooker-Feldman* is applicable, an inferior federal court must determine whether the claim seeks to 'set aside a state court judgment' or whether the claim is in fact an 'independent claim.'" *Gecker v. Salta Group, Inc.*, No. 04 C 1843, 2004 WL 2005802, *3 (N.D. Ill. Aug. 25, 2004) (citations omitted) (holding that *Rooker-Feldman* doctrine barred all claims).

Under any test or formulation, Meier's Federal Complaint is barred by the *Rooker-Feldman* doctrine. Meier's Federal Complaint raises **_no injury, issues, or claims_** that he did not have a reasonable opportunity to present in the State Case. In fact, Meier did present the very same claims in the State Case. He has tacked on several new outlandish legal theories to the claims he raised in the State case, but the facts, allegations and issues are *identical*. An Illinois

judge and jury decided that Musburger was entitled to attorneys fees for the work that he performed for Meier. Meier's Federal Complaint seeks to reverse that verdict and judgment. An Illinois court determined that Meier could not assert a claim for restitution based on his claim that his attorney was not licensed as an employment agent under the Illinois Employment Agency Act. Meier's Federal Complaint would have this Court reverse this decision as well. Meier's alleged injury is his payment of Musburger's attorneys fees, and the State Case determined Musburger's entitlement to these fees. Meier is effectively asking this Court to sit in appellate review of a state court judgment. Therefore, this Court lacks jurisdiction to hear this case.[4]

## III.    ALL OF MEIER'S CLAIMS ARE BARRED BY *RES JUDICATA*.

Even if the court has jurisdiction over this matter, all of Meier's claims are barred by *res judicata*. In this case, Meier presents his previous affirmative defenses, counterclaims, and defenses from the State Case as his causes of action. Because they have already been litigated and resolved between these exact parties concerning the exact causes of action, this suit is barred by *res judicata*.

The Full Faith and Credit Statute, 28 U.S.C. § 1738 requires federal courts to give a state court's judgment the same preclusive effect it would have in state court. *Weirich v. Wehrli*, No. 06 C 3465, 2007 WL 2410482, *3 (N.D. Ill. Aug. 16, 2007). Because an Illinois court rendered the judgment at issue, this court must apply Illinois law to determine whether *res judicata* bars plaintiff's claims. *Id.* Under *res judicata*, a final judgment on the merits by a court of competent jurisdiction is conclusive to the rights of the parties and bars subsequent actions involving the

---

[4] Musburger requests, however, that this Court hear and rule upon the Motion for Sanctions filed concurrently with this Motion to Dismiss. This Court is permitted to grant sanctions even if it lacks jurisdiction to hear Meier's suit. *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992) (lack of subject matter jurisdiction does not preclude district court from considering Rule 11 sanctions). Meier's multiple Complaints are a particularly egregious violation of Rule 11, and merit an award of sanctions.

same claims and demands by the parties and their privies. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1080 (Ill. 1993). *Res judicata* bars "all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that could have been offered for that purpose." *Purmal v. Robert N. Wadington & Assocs.*, 820 N.E.2d 86, 94 (Ill. App. Ct. 2004). The elements of *res judicata* are (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies. *Id.*

### A.    There was a Final Judgment on the Merits.

The state trial court issued a final judgment on the merits. A final judgment "terminates the litigation and disposes of the parties' rights on either the entire controversy or some definite and separate part of it." *Baldassone v. Gorzelanczyk*, 667 N.E.2d 639, 641 (Ill. App. Ct. 1996). An adjudication on the merits as it relates to *res judicata* is broadly defined. *See Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1205 (Ill. 1996). If <u>one</u> claim in a case is dismissed on the merits then, for the purposes of *res judicata*, there has been an adjudication as to <u>all</u> claims relating to the same operative facts. *See Hudson v. City of Chicago*, No. 10-0466, 2008 WL 217175, *3 (Ill. January 25, 2008) (previous involuntary dismissal of one claim was an adjudication on the merits that barred re-filed of all claims based pursuant to *res judicata*).

The jury's verdict in favor of Musburger undeniably resolved the claims between the parties, including Meier's affirmative defenses, and constituted a final judgment on the merits. In fact, Meier implicitly recognized that the state trial court issued a final judgment on the merits by appealing that judgment. "[T]he fact that an appeal was lodged does not defeat the finality of the judgment." *Ross v. Bd. of Educ.*, 486 F.3d 279, 284 (7th Cir. 2007) (rejecting petitioner's argument that *res judicata* cannot bar second suit when appeal of first suit is pending). Rather,

the fact that the appeal was filed indicates that the judgment was final because otherwise it would not be appealable. *See* Ill. Sup. Ct. R. 304(a).

Even more specifically, the denial of Meier's Motion to File a Third Party Complaint and the denial of Meier's motions to file amended affirmative defenses and counterclaims, and Meier's Motion to Dismiss were adjudications on the merits. The November 27, 2006 denial of Meier's motion for leave to file a third-party complaint against Brian Musburger operates as a final judgment on the merits. Section 2-406 of the Illinois Code of Civil Procedure sets forth the requirements governing third-party complaints. Under section 2-406, a defendant must file a third-party complaint "[w]ithin the time for filing his or her answer or thereafter by leave of court." 735 ILCS 5/2-406(b). "Thus, if a defendant fails to file a third-party complaint with his or her answer, the defendant must obtain permission to do so. Granting leave falls within the circuit court's discretion, and the appropriate avenue for challenging denial is to file an appeal, not to proceed with a separate action." *Harshman v. DePhillips*, 844 N.E.2d 941, 954 (Ill. 2006).

Likewise, the denial of Meier's motions for leave to file amended affirmative defenses and amended counterclaims, which include his Motion for Leave to File Third Amended Counterclaim and Third Party Complaint, Motion for Leave to File Fourth Amended Counterclaim and Fifth Affirmative Defense, operates in the same way. Whether to grant or deny a motion for leave to file an amended complaint is a matter within the sound discretion of the circuit court, and its decision will not be overturned on appeal absent an abuse of that discretion. *Clemons v. Mech. Devices Co.*, 781 N.E.2d 1072, 1078 (Ill. 2002). Similarly, the State court denied Meier's Motion to Dismiss, which was based on Private Employment Agency Act, as a matter of law.

**B.      There is an Identity of Cause of Action.**

Both the State Case and the Federal Case arise from the same core of operative facts.  At issue is whether there is an identity of cause of action between the State Case and the current Federal case.  In Illinois, courts determine whether there is an identity of cause of action by applying the "transactional" test.  *River Park v. City of Highland Park*, 703 N.E.2d 883, 892 (Ill. 1998).  Under this test, separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.  *Corcoran-Hakala v. Dowd*, 840 N.E.2d 286, 289 (Ill. App. Ct. 2005).  Claims previously advanced as affirmative defenses brought in a complaint are likewise barred by *res judicata*.  *See Bennett v. Gordon*, 668 N.E.2d 109 (Ill. App. Ct. 1996) (applying *res judicata* principles to affirmative defenses); *A.W. Wendell and Sons, Inc. v. Qazi*, 626 N.E.2d 280 (Ill. App. Ct. 1993) (same); *Hale v. Ault*, 403 N.E.2d 635 (Ill. App. Ct. 1980) (same).

Several Illinois cases have addressed the very issue of whether defenses to an action for attorneys fees and an affirmative case for legal malpractice action are the same cause of action.  *See Bennett*, 668 N.E.2d at 113 (holding that *res judicata* barred issues raised in legal malpractice suit because they were the identical issues asserted by plaintiff in her affirmative defenses at prior fee petition proceeding); *Corcoran*, 840 N.E.2d at 290 (same); *Purmal*, 820 N.E.2d at 96 (same).

In *Bennett*, 668 N.E.2d at 110, the plaintiff's attorneys had previously filed a petition for attorneys fees, costs, and expenses against their former client which the court adjudicated on the merits.  In her answer to the fee petition, the former client raised a number of affirmative defenses, including that her attorneys were not entitled to fees for work performed prior to signing a retainer agreement, and that her attorneys representation was inadequate.  *Id.*  The court rejected the plaintiff's attempt to relitigate the very same issues by filing a separate complaint for

legal malpractice dismissing the case based on *res judicata*. The appellate court affirmed in part, finding that "plaintiff's first amended complaint virtually mirror[ed] the allegations in the second category of her affirmative defenses to the fee petition." *Id.* at 111. The court held that the previous petition for attorney fees barred, under doctrine of *res judicata*, subsequent legal malpractice action because the defense of the attorney's fee petition and the client's legal malpractice action were the same cause of action. *Id.*; *see also Corcoran*, 840 N.E.2d at 290 (finding identity of causes of action between prior suit for attorneys fees and subsequent malpractice suit, noting that "while the complaint at bar raise[d] theories of relief different from those argued in the earlier case, plaintiff's goal here [was] the same – i.e. to avoid the legal effect of the [fee agreement]. All of the arguments plaintiff now raise[d] were available to her in the earlier proceeding and she should have raised them then."); *see also Purmal*, 820 N.E.2d at 96 (finding identity of causes of action as to earlier fee petition and current legal malpractice claim).

In this case, the State Case concerned the legal services provided by Musburger for Meier and the payment of Musburger for those services. Meier defended this action by arguing that Musburger's work was inadequate and overcharged. He further claimed Musburger breached his fiduciary duties: by representing clients with conflicting interests to Meier; by failing to follow instructions from Meier; by failing to provide information regarding contract terms; by failing to keep a detailed record of his time; and by failing to keep Meier reasonably informed about his negotiation. He also argued that Musburger was a non-entity because it failed to comply with various registration requirements. Meier also filed counterclaims similarly alleging breach of fiduciary duties and public disclosure of private facts. Meier claimed that the violation of fiduciary duties were so serious "as to require the disgorgement of *all fees which Todd W. Musburger, Ltd. received* or claims it has a right to receive in connection with its representation

[of Meier]." *See* Exhibit F, Meier 1/19/05 Answer and Amended Counterclaim ¶¶ 68, 70 (emphasis added).  Meier's defenses were rejected, and the jury entered a judgment for Musburger for the value of his services.

This case concerns the same legal services provided by Musburger for Meier and the payment of Musburger's for those services.  His recitation of the operative facts in both cases are nearly identical.  *See* Exhibit A.  In fact, he even makes the same assertions, including that Musburger breached fiduciary duties, committed fraud, publicly disclosed private facts, was a nonexistent entity, and failed to comply with various registration requirements.  A successful prosecution of his current suit would in effect nullify the prior judgment.  Therefore, both the State Case and the current case are the same cause of action, and *res judicata* should bar all of Meier's claims.

### C.    There is an Identity of Parties or Privity.

The parties to this case are effectively the same as the parties to the State Case: Garry Meier, Todd W. Musburger, Todd W. Musburger, Ltd., and Brian Musburger.  The only party to this case that was not a direct party to the State Case is Todd W. Musburger.  But an identity of parties exists nonetheless because the very same interests were at issue between his law firm (of which he is the president) and Meier in the State Case.  Todd Musburger was Meier's attorney, and it was his attorney fees that were at issue in the State Case.

Privity exists between parties who adequately represent the same legal interests.  *People ex rel. Burris v. Progressive Land Developers, Inc.*, 602 N.E.2d 820, 825-826 (Ill. 1992).  It is the identity of interest that controls in determining privity, not the nominal identity of the parties. *Id.*  To be bound to a prior adjudication, a nonparty's interests must be so closely aligned to those of a party that the party is the "virtual representative of that nonparty."  *Purmal*, 820 N.E.2d at 95.

Todd W. Musburger, Ltd. (one of the defendants in this case) and The Law Offices of Todd W. Musburger, Ltd. (the plaintiff in the State Case) are the same entity. Musburger sued Meier in the State Case mistakenly under the incorrect name, the "Law Offices of Todd W. Musburger, Ltd." rather than the correct name, Todd W. Musburger, Ltd. In fact, the trial court agreed that this was a mere misnomer. (*See* <u>Exhibit R</u>, March 14 order,).[5] As further proof that these two entities are the same, in the State Case, Meier filed counterclaims against Todd W. Musburger, Ltd., even though he was sued by "The Law Offices of Todd W. Musburger, Ltd."

Meier has also sued Todd W. Musburger and Brian Musburger in their individual capacities. Todd W. Musburger is in privity of his law firm because he is the president of the firm and the only attorney who performed work for Meier. *See Purmal*, 820 N.E.2d at 95 (holding sole owner and associate of law firm are in privity with firm where interest in prior litigation arose from his connection to law firm as employee of that firm); *see also Travelers Casualty & Surety Co. v. Madden*, 806 N.E.2d 245, 249 (Ill. App. Ct. 2004) (sole shareholder of a company is in privity with that company).

Similarly, Brian Musburger was in privity with the law firm. Additionally, there is certainly an identity of parties based on the State Court third-party complaint filed against Brian Musburger and the re-litigation of those same issues against Brian Musburger in this case.

In summary, there was a final judgment on the merits in State Court based on the jury's verdict and numerous other rulings by the State Court. There is an identity of the cause of action with the State Case for Musburger's fees and the current case challenging the fees paid. Finally, Todd W. Musburger, Ltd., Todd W. Musburger, and Brian Musburger are all in identity or in

---

[5] This order itself operates to collaterally estop Meier from asserting that The Law Offices of Todd W. Musburger, Ltd. and Todd W. Musburger, Ltd. are the same entity. Collateral estoppel applies where (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Gumma v. White*, 833 N.E.2d 834, 843 (Ill. 2005).

privity with the plaintiff from the State Case. The requirements for *res judicata* are satisfied, and therefore, this suit is barred. *See Cannon v. Loyola Univ. of Chi.*, 784 F.2d 777, 782 (7th Cir. 1986) (finding that plaintiff's pursuit of a claim barred by *res judicata* was an "egregious and blatant violation of Rule 11").

## IV.    MEIER'S RICO CLAIMS SHOULD BE DISMISSED.

From a simple dispute over the amount of fees Meier owed to his attorney, Todd W. Musburger, Meier has pieced together a nonsensical claim that Musburger engaged in the criminal act of "racketeering" and conspiracy to engage in racketeering. In Count I, Meier claims that Musburger violated RICO, 18 U.S.C. §§ 1961 *et. seq.*, and in Count II, Meier claims that Musburger conspired to violate RICO pursuant to 18 U.S.C. § 1962(d).[6] Meier seems to be alleging that Musburger maintained an "illegal" enterprise because the law firm failed to register as an employment agency pursuant to the Illinois Private Employment Agency Act, 225 ILCS 515.1; failed to register as a law firm pursuant to Illinois Supreme Court Rule 721; failed to register the name "The Law Offices of Todd W. Musburger, Ltd." with the Illinois Secretary of State pursuant to the Illinois Business Corporations Act, 805 ILCS 5/4.05; and failed to register the name "The Law Offices of Todd W. Musburger, Ltd." as an assumed name pursuant to the Illinois Business Corporation Act, 805 ILCS 5/4.15.

It appears that Meier's theory is that Musburger violated RICO because it was not a properly registered corporate entity. First, Musburger was a proper legal entity. The Private

---

[6] Meier's only basis for filing this suit in federal court is his RICO claims in Counts I and II of the First Amended Complaint. There is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 as all parties to this case are "citizens" of Illinois. Beyond being almost incomprehensible, the allegations Meier recites to support his "RICO" claims are the same as those forming the basis of the claims explicitly adjudicated by the state court when it denied Meier's Motion to Dismiss on January 22, 2007 and when it dismissed his Petition to Vacate the judgment on March 8, 2008. If this Court dismisses Meier's RICO claims, the only basis for jurisdiction over the Meier's remaining state-law claims would be pendant jurisdiction under 28 U.S.C. § 1367, which the Court should decline to exercise in this case, considering the clear predominance of state issues (or absence of any federal interest), the previous State Court rulings on the very same claims and issues, and the pending appeal in State Court.

Employment Agency Act does not apply to Musburger,[7] and he was, therefore, not required to register as an employment agency. Although Musburger had not complied with Illinois Supreme Court Rule 721, Todd W. Musburger was authorized to practice law and is currently registered, and therefore, the law firm's contracts are valid.[8] Additionally, Musburger was properly incorporated with the Illinois Secretary of State as "Todd W. Musburger, Ltd. Second, not only does Meier attempt to invoke the RICO statute constitute an abuse of the statute's reach and purpose, Meier utterly fails to plead anything remotely resembling a cognizable claim. Not surprising, Meier's RICO claims suffer from a myriad of errors, not the least of which is the fact that Meier fails to identify a specific section of the RICO statute under which his claim in Count I arises.

      **A.     Musburger is a Legal Entity.**

           **1.     The Private Employment Agency Act Does Not Apply to Musburger.**

Meier claims that Musburger is an illegal entity because it failed to register pursuant to the Illinois Private Employment Agency Act, 225 ILCS 515.1. The Illinois Private Employment Agency Act does not apply to Musburger and does not affect Musburger's ability to recover the reasonable value of the legal services performed for Meier. The State court conclusively made this ruling, and Meier is precluded from reasserting the issue by either collateral estoppel or *res judicata*.

---

[7] The State court explicitly made this determination as a matter of law in denying Meier's Motion to Dismiss on January 22, 2007. (*See* <u>Exhibit</u> <u>L</u>.) Meier is collaterally estopped from raising this issue in this case.

[8] The State court made this determination as a matter of law in denying Meier's Motion to Dismiss. Again, collateral estoppel prevents Meier from asserting this issue.

2.    **Failure to Register Pursuant to Rule 721 Does Not Make a Law Firm Illegal, nor does it Void Fee Agreements.**

Meier also asserts that the law firm is an "illegal operation" because "The Law Offices of Todd W. Musburger, Ltd." was not properly registered pursuant to Illinois Supreme Court Rule 721.    There is no dispute that Todd Musburger is and has been at all relevant times a duly licensed attorney authorized to practice law in Illinois.    There is also no dispute that his law firm, Todd W. Musburger, Ltd., is properly incorporated in Illinois.    Meier's argument – which has been expressly rejected by the Illinois Supreme Court in *Ford Motor Credit Co. v. Sperry*, 827 N.E.2d 422 (Ill. 2005) and by the State Court's decision resolving this exact claim – is that Musburger's failure to register pursuant to Supreme Court Rule 721 bars Musburger from collecting his attorneys fees.[9]    To the contrary, a contract between a law firm and a client is not void because the law firm failed to register with the Illinois Supreme Court, pursuant to Ill. Sup. Ct. R. 721.    *See Joseph P. Storto, P.C. v. Becker*, 792 N.E.2d 384 (Ill. App. Ct. 2003).    Likewise, failure to properly register a law firm does not make such a law firm illegal.

3.    **Todd W. Musburger, Ltd. was Properly Registered with the Illinois Secretary of State.**

Finally, Meier asserts that Musburger is an illegal entity because it violated the Illinois Business Corporations Act by not registered as a corporation or an assumed name.    *See* 805 ILCS 5/4.05 and 805 ILCS 5/4.15.    Musburger is properly registered as a corporation under the name Todd W. Musburger, Ltd.    The State Court has already held that the mistyling of the Musburger's name in the caption of his State Case was a mere misnomer.    The correct entity is properly registered.    Therefore, the basis of Meier's RICO claims, that Musburger was an illegal

---

[9] Since learning of Rule 721's registration requirement, Musburger has paid its filing fee and filed its registration with the Illinois Supreme Court.  Musburger is currently in full compliance with Rule 721.  Additionally, the State court decided this very issue when it dismissed Meier's Petition to Vacate the Judgment, therefore, Meier is precluded from re-litigating it.

entity because it was not properly registered, are legally and factually absurd.  Therefore, this Court should dismiss his RICO claims.

**B.      Meier Fails to State a Claim for RICO.**

Not only does Meier premise his RICO counts on factually and legally frivolous allegations, but he also fails to state a claim for RICO.  Meier's complete inability to (1) identify a particular section of the RICO statute under which his claim arises; (2) establish standing; (3) plead his RICO claim with particularity; (4) adequately allege the elements of a RICO claim; or (5) plead a timely claim confirms the absolute absurdity of these claims.  Accordingly, this court should dismiss Count I and Count II of Meier's First Amended Complaint.

**1.      Count I Fails to Specify which Section of RICO Musburger Allegedly Violated.**

Count I neglects to mention exactly what section of RICO Musburger allegedly violated. Meier merely cites to 18 U.S.C. § 1961 *et. seq.*  Even the most charitable pleading standard does not excuse this critical threshold failure.

Indeed, under the RICO Act, a Plaintiff can assert four potential causes of action, each varying a great deal in both their nature and elements from its counterparts.  *See* 18 U.S.C. § 1964(c).  Defendants are simply not required to guess as to which RICO claim(s) against which they must defend.  *SJ Advanced Technology & Mfg. Corp. v. Junkunc*, 627 F. Supp. 572, 575 (N.D. Ill. 1986).  "[I]t is essential to plead precisely in a RICO case . . . the RICO section allegedly violated."  *Reynolds v. East Dyer Dev. Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989). Meier's failure to specify a subsection is fatal to Count I of his First Amended Complaint.  *See O'Keefe v. Courtney*, 655 F. Supp. 16, 21 (N.D. Ill. 1985) (in order to state a cause under the RICO Act, the complaint must specify the subsection of the RICO statute under which relief is sought).  For this reason alone, the motion to dismiss must be granted as to Count I.

### 2.    Meier Lacks Standing to Bring RICO Claims.

Meier lacks standing to bring RICO claims because he does not, and cannot, allege that any RICO violation caused his alleged injury. In order to establish standing under 1964(c) of the RICO statute (18 U.S.C. §§ 1961 *et seq*.), a civil RICO plaintiff must allege (a) an injury to his "business or property" that (b) resulted from (i.e., was caused by) an underlying § 1962 violation. *See Sedima, S.P.R.L v. Imrex, Co.*, 473 U.S. 479, 495-96, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) (holding that "the plaintiff only has standing if . . . he has been injured in his business or property by the conduct constituting the violation"); *see also Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 265-66, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992) (requiring proximate causation to pursue a RICO claim). In this case, Meier has not alleged, and cannot allege, facts supporting either requirement.

### a.    Meier has No Standing to Bring a Claim Under § 1962(a)-(c) in Count I.

Because Meier fails to allege an underlying § 1962 violation in Count I, Musburger is in the exceedingly awkward position of trying to guess which section Meier had in mind when he brought his claim. Regardless of which section Meier seeks to bring his claim under, he has no standing because he cannot allege that he was injured by reason of any alleged RICO violation.

A plaintiff bringing a cause of action for violation of **§ 1962(a)** must plead "the receipt of income from a pattern of racketeering activity, and the use of that income in the operation of an enterprise." *Lachmund v. ADM Investor Servs.*, 191 F.3d 777, 785 (7th Cir. 1999). In terms of injury causation, the Seventh Circuit has observed that "[t]he majority of courts hold that the *use or investment* of the racketeering income must *proximately cause* the plaintiff's injury." *Id.* (emphasis added). Injuries resulting from statutorily-defined "predicate acts" alone (such as money laundering, mail fraud, and wire fraud) are insufficient. *Id.*

In his First Amended Complaint, Meier alleges only that Musburger's "racketeering activity caused [him] to suffer injury to his person, business as a broadcast entertainer, and property pursuant to § 1962 as more fully set forth above and as will be shown by the proofs." 1st Amend. Compl. ¶138.  Nowhere does Meier allege, nor can he allege, any connection between the investment of any "racketeering income" and his alleged injury.  Because Meier fails to allege any injury resulting from the investment or use of "racketeering income," he lacks standing under § 1962(a), and his § 1962 claim must be dismissed. *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 779 n.6 (7th Cir. 1994).

In order to allege a claim under **§ 1962(b)**, a plaintiff must allege that the defendant "acquired or maintained an interest in an enterprise through a pattern of racketeering activity; and . . . that [he] suffered an injury through defendants' *acquisition or maintenance of the enterprise* that is *separate from the injuries that resulted from the predicate acts*."  *Xino v. Kappos*, 270 F. Supp. 2d 1027, 1032-33 (N.D. Ill. 2003) (emphasis added).

In his First Amended Complaint, Meier appears to allege that Musburger laundered money and engaged in mail and wire fraud.  To the extent that Meier has attempted to allege money laundering, mail fraud, and wire fraud as "predicate acts" that caused his alleged injury, however, they are irrelevant under 1962(b), because Meier does not allege any causal connection between Musburger's laundering of money, mail fraud, and wire fraud and Meier's injury of having to pay his attorney fees due to him.  In other words, Meier has failed to allege that Musburger's "acquisition or maintenance" of an interest in, or control over, the "enterprise" itself caused plaintiff's alleged injury.  As such, Meier lacks standing under § 1962(b), and his § 1962 claim must be dismissed.

Section **1964(c)** makes it unlawful for any person "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 19 U.S.C. § 1962(c). In terms of injury causation under § 1962(c), Meier must allege that the injury to his business or property "flowed from the commission of the predicate acts." *Sedima*, 473 U.S. at 493-99. Because Meier has alleged that his "injury" flowed from Musburger's failure to comply with various registration requirements, which is not a RICO predicate act, he has no standing under § 1962(c) and his § 1962 claim should be dismissed.

> **b.    Meier has No Standing to Bring a Claim Under § 1962(d) in Count II.**

In *Beck v. Prupis*, 529 U.S. 494, 506, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000), the Supreme Court held that in order to bring a § 1962(d) conspiracy count, a plaintiff must allege that the commission of an overt act in furtherance of a conspiracy caused his injury *and* that the overt act was a *predicate act* of racketeering activity under § 1961(1). As previously noted, however, Meier has failed to show any connection with Musburger's alleged "conspiracy" to maintain unregistered corporation and his injury of having to pay legal fees. Therefore, absent any showing of causation, Meier cannot support a § 1962(d) conspiracy count. *Id.* Accordingly, Meier has no standing under § 1962(d), and the U.S. Supreme Court's decision in *Beck* mandates dismissal of his § 1962(d) claim.

In sum, Meier has failed to allege the required causal connection between an alleged violation of §§ 1962 and his alleged injury. As such, Meier has no standing to bring any RICO claim against Musburger, and his First Amended Complaint should be dismissed with prejudice.

> **3.    Meier has Not Met the Standard for Pleading RICO with Particularity under Rule 9(b).**

Meier has failed to plead his RICO claim with particularity. Rule 9(b) requires that for claims involving allegations of fraud the "circumstances constituting fraud . . . shall be stated

with particularity." Fed. R. Civ. P. 9(b).  The Seventh Circuit has long recognized that the heightened pleading requirements of Rule 9(b) apply to allegations of fraud in a civil RICO complaint.  *Slaney v. The International Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001).

Specific allegations of mail fraud and wire fraud are completely and fatally absent from Meier's First Amended Complaint.  Meier fails to allege that any wires were even made, much less allege how any mailings or wires were fraudulent, how they were used to facilitate a fraud, what they stated, who mailed or wired them, or when they were mailed or wired.  Plaintiff's complete inability to allege a RICO violation with any particularity whatsoever precludes him from meeting the requirements of Rule 9(b).  Thus, Meier's RICO claims should be dismissed pursuant to Rule 9(b).

> **4.    Meier's Complaint Fails to Set Forth Allegations Against Musburger that are Sufficient to State a Claim Upon Which Relief Can be Granted.**

Assuming that Meier has standing to bring a civil RICO claim against Musburger, Meier has failed to state a claim upon which relief can be granted under RICO.  In order to allege a RICO violation, a plaintiff must plead (1) that the defendant; (2) through the commission of two or more predicate acts; (3) constituted a pattern; (4) of racketeering activity; (5) directly or indirectly invested in, maintained an interest in, or participated in; (6) an enterprise; (7) the activities of which affected interstate or foreign commerce.  *McDonald v. Schencker*, 18 F.3d 491, 494 (7th Cir. 1994).  Each element of a RICO violation and facts supporting each element must be pled in Meier's complaint; conclusions of law are insufficient.  Meier's First Amended Complaint fails in nearly every regard.

###### a.       Meier Fails to Plead Two or More "Predicate Acts."

An exhaustive list of RICO "predicate acts" is set forth in 18 U.S.C. §1961(1).  *Emery v. Am. Gen. Fin.*, 71 F.3d 1343, 1345 (7th Cir. 1995).  Actions not included in §1961(1) will simply not support a RICO claim.  *See McKinney v. Illinois*, 720 F. Supp. 706, 708 (N.D. Ill. 1989). Although Meier's First Amended Complaint is replete with vituperative accusations against Musburger, the vast majority of the actions alleged are neither wrongful nor even arguably "predicate acts."   Even giving Meier's First Amended Complaint the most generous reading imaginable, plaintiff adverts to only three possible "racketeering activities," none of which is properly pled.

As predicate acts, Meier claims that Musburger "knowing that the property involved in a financial transaction represent[ed] the proceeds of some form of unlawful activity, conduct[ed] or attempt[ed] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity" by "conduct[ing] or attempt[ing] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity, 18 U.S.C. § 1956(a)(1)(A)(i); and by "knowing that the transaction [was] designed in whole or in part to avoid a transaction reporting requirement under State or Federal law," 18 U.S.C. § 1956(a)(1)(B)(ii).  *See* 1st Amend. Compl. ¶135.  Meier also makes conclusory statements that Meier has committed mail and wire fraud but has utterly failed to plead the elements of either of these causes of actions.  *See* 1st Amend Compl. ¶136.

The only details Meier attempts to provide about an alleged money laundering, mail fraud, and wire fraud scheme is that Musburger was improperly registered.  He fails to establish any of the requisite elements of any of these claims.  In fact, not only has Plaintiff failed to allege

a scheme to defraud he has not even alleged a wire.  Thus, it is clear that Meier has completely failed to allege the requisite predicate acts under RICO.

### b.   Meier Fails to Plead a "Pattern of Racketeering Activity."

Meier has failed to allege a pattern of racketeering activity.  A pattern of racketeering activity requires at least two predicate acts of racketeering activity as defined in 18 U.S.C. § 1961(1).  18 U.S.C. § 1961(5).  For a pattern to exist, "a plaintiff . . . must show that the racketeering predicates are *related* and that they amount to, or pose a threat of, *continued criminal activity*."  *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) (emphasis added); *See also Sedima*, 473 U.S. 479, 496 n.14 (1985) (holding that it is the "factor of *continuity plus relationship* which combines to produce a pattern").  Meier has not alleged any pattern, only his personal disappointment at having to pay his attorney for work performed.

### c.   Meier Fails to Allege an Enterprise.

In addition, Meier has failed to adequately plead *facts* that would support even an inference that there is an "enterprise" under RICO.  Quite the contrary, Meier makes a incompressible conclusory allegation that the "Defendants individually, jointly, and in combination and conspiracy, with their named and unnamed co-conspirators, . . . were, on information and belief, used by them as a racketeering enterprise."  *See* 1st Amend. Compl. ¶ 134.

In essence, Meier is simply parroting legal terms of art without pointing to any supporting facts.  As the Seventh Circuit has made clear, this is plainly insufficient.

> The plaintiff's lawyer continues . . . to believe that the requirement in a case such as this of proof that defendants conducted the affairs of an enterprise through a pattern of racketeering activity . . . is satisfied merely by showing that the pattern of predicate acts . . . were committed by a firm

- 25 -

> that has agents or affiliates. That is not enough. The firm must be shown to use its agents or affiliates in a way that bears at least a family resemblance to the paradigmatic RICO case in which a criminal obtains control of a legitimate (or legitimate appearing) firm and uses the firm as the instrument of his criminality.

*Emery v. Am. Gen. Fin.*, 134 F.3d 1321, 1323-24 (7th Cir. 1998).

Meier's First Amended Complaint wholly fails in this regard. *See Bachman v. Bear Sterns & Co., Inc.*, 178 F.3d 930, 932 (7th Cir. 1999) (a corporation, its subsidiary and its employees are not a RICO enterprise separate and apart from the corporation itself); *See also Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 227 (7th Cir. 1997) (court held that affiliates and agents of dealer did not amount to enterprise under RICO, reasoning that it "cannot imagine . . . applying RICO to a free standing corporation such as Chrysler merely because Chrysler does business through agents"). Thus, Plaintiff has failed to adequately allege the existence of an enterprise, warranting dismissal of his RICO claim pursuant to Rule 12(b)(6).

### d.    Meier Fails to Allege an Effect on Interstate Commerce.

Finally, Meier never once suggests how any of the alleged RICO wrongdoing affected interstate or foreign commerce, a requirement of any RICO claim. *See* 18 U.S.C. § 1962. Although the alleged impact on such commerce need not be great, Meier's complete failure to plead this element is fatal to his RICO claim.

### 5.    Meier's RICO Claims are Time-Barred.

The statute of limitations applicable to civil RICO claims is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 149-154, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987). A RICO claim accrues when the plaintiff discovers or should discover his injury. *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1465 (7th Cir.1992). Meier fired Musburger in September 22, 2003. *See* 1st Amend. Compl. ¶52. At that point, Meier discovered his injury, and because Meier filed his complaint on January 9, 2008, he failed to bring this action within 4

years.  Meier's RICO claims must be dismissed.  *See Dreis v. Kruimp Mtf. Co. v. Int'l Ass'n of Machinists & Aero. Workers*, 802 F.2d 247, 255 (7th Cir. 1986) (finding that district court abused its discretion by denying sanctions when suit was time-barred).

**V.    MEIER'S ILLINOIS ATTORNEYS ACT CLAIM SHOULD BE DISMISSED.**

In Count XIII, Meier claims Musburger violated the Illinois Attorneys Act, 705 ILCS 205/1.  The Illinois Attorneys Act prohibits any person from "practice[ing law] as an attorney or counselor at law within this State without having previously obtaining a license for that purpose from the Supreme Court of this State."  *Id.*; *see also People v. Hubbard*, 145 N.E. 93 (Ill. 1924). Further, the Illinois Attorney Act specifies that "[n]o person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney."  *Id.*  This statute was intended to prevent people from practicing law who have not first complied with the licensing requirements.  *See Rathke v. Lidisky*, 375 N.E.2d 871 (Ill. App. Ct. 1978).  Under the Illinois Attorneys Act, a plaintiff can seek compensatory damages upon a negligence theory against a non-attorney for his alleged practice of law involving a business transaction.  *Torres v. Fiol*, 441 N.E.2d 1300 (Ill. App. Ct. 1982).

**A.    The Illinois Attorneys Act Does Not Apply.**

In this case, Meier admits that Todd W. Musburger was "at all relevant times . . . an attorney licensed to practice law in the State of Illinois."  1st Amend. Comp. ¶6.  Because Todd W. Musburger was a licensed attorney, the Illinois Attorneys Act does not apply to him. Furthermore, the Illinois Attorneys Act does not apply to law firms.  Rather, as the title indicates, it applies to attorneys.  Therefore, any suggestion that Todd W. Musburger, Ltd. violated the Illinois Attorneys Act also fails to state a claim upon which relieve can be granted.  This count should be dismissed.

**B.      There is no Cause of Action for a Violation of the Illinois Attorneys Act.**

A plaintiff may sue under a negligence theory for a violation of the Illinois Attorneys Act, but the Illinois Attorneys Act itself is not a cause of action.  *See Rathke*, 375 N.E.2d at 873 (dismissing claim where plaintiff asserted that a mere violation of the Illinois Attorneys Act gave rise to case of action for damages).  Therefore, Meier improperly presents the Illinois Attorneys Act as a cause of action.  This count fails to state a claim and should be dismissed.

## VI.      MEIER'S ANTITRUST CLAIMS SHOULD BE DISMISSED.

In Count XVI, Meier asserts that Musburger committed violations of the Illinois Antitrust Act, 740 ILCS 10/1.  Meier's theory appears to be that this sole practitioner attorney, his law firm, and his one employee engaged in an antitrust conspiracy involving price fixing and unreasonable restraints of trade -- with themselves.

**A.      Meier Fails to State a Claim for Antitrust.**

In order to plead a claim based upon conspiracy, a plaintiff must plead enough factual matters to suggest that an agreement was made.  *Bell Atlantic Corp. v. Twombly*, -- U.S. ---, 167 L. Ed. 2d 929, 127 S.Ct. 1955, 1965 (2007).  "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."  *Id.*  A complaint that does not meet that minimum requirement of pleading some facts to infer that an illegal conspiracy has taken place, should "be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966.  Meier's claim is devoid of facts necessary to constitute an antitrust violation and should be dismissed.  *See Holzrichter v. County of Cook*, 595 N.E.2d 1237, 1241 (Ill. App. Ct. 1992) (dismissing ridiculous antitrust claims that failed to allege a conspiracy between competitors to accomplish an anticompetitive objective, failed to identify the nature of the conspiracy, and failed to identify the parties to the agreement).

**B.      Meier's Claim is Time-Barred.**

An action under the Illinois Antitrust Act is "barred unless commenced within 4 years after the cause of action accrued."  740 ILCS 10/7(2).  An antitrust case accrues "from the most recent injury caused by the defendants' activities rather than from the violation's inception."  *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 902 (7th Cir. 2004) (citations omitted).  More specifically, the last overt act in the furtherance of a conspiracy to restrain trade will trigger the running of the statute of limitations.  *People ex rel. Hartigan v. Moore,* 493 N.E.2d 85, 86 (Ill. App. Ct. 1986).  Meier terminated Musburger's services in September 22, 2003.  *See* 1st Amend. Compl. ¶52.  Therefore, the statute of limitations for an action pursuant to the Illinois Antitrust Act expired on September 22, 2007, and this cause of action is barred.

**C.      Meier Lacks Standing to Bring this Claim.**

A plaintiff may being a civil action pursuant to the Illinois Antitrust Act if he "has been injured in his business or property, or is threatened with such injury, by a violation of . . . this Act."  740 ILCS 10/7(2).  The pleading of an antitrust injury is an essential element of an action and also provides plaintiff's requisite standing.  *See Holzrichter v. County of Cook*, 595 N.E.2d at 1241.  The United States Supreme Court set forth a number of factors to be considered in determining whether a plaintiff has standing: (a) whether there is a causal connection between the antitrust violation and the plaintiff's harm; (b) whether the defendants intended to cause this harm; (c) whether the injury is of the type intended to be prevented; (d) whether the injury is direct or indirect; (e) whether the claim of damages is too speculative; and (f) whether there is a risk of duplicative recoveries and a danger of complex apportionment.  *Associated General Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 537-544, 103 S. Ct. 897, 74 L. Ed. 2d 723103 (1983).  Meier has not shown that his injury resulted from harm to the competitive process itself, nor can he.  With respect to his own injuries, Meier can point to no

injury that is connected to any alleged violation. Meier has pled himself out of court by alleging facts that do not constitute an antitrust violation. *See Audio Car Stereo v. Little Guys*, No. 04 C 3562, 2004 WL 3019298 (N.D. Ill. 2004). This count should be dismissed. *See A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399, 1406 (7th Cir. 1992) (finding Rule 11 violation warranting sanctions where plaintiff failed to allege that defendant and third party reached agreement as to prices); *see Kane, McKenna and Associates, Inc. v. Remcorp, Inc.*, No. 87 C 5535, 1988 WL 9108, at *6 (N.D. Ill. Jan. 29, 1988) (granting Rule 11 sanctions where complaint was devoid of any factual allegations necessary to maintain any of the alleged causes of action, including antitrust).

## VII.    MEIER'S CLASS ACTION CLAIMS SHOULD BE DISMISSED.

Meier baldly titles his XVIII Count as a "Class Action" and lists the requirements for maintaining a class action in Illinois. Meier, however, fails to provide an underlying cause of action. This is plainly improper. Meier is required to supply facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1961 (dismissing class action that alleges that major telecommunications providers engaged in certain parallel conduct unfavorable to competition, absent some factual context suggesting agreement); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Additionally, Meier's complaint alleges a state class action, which is improper in federal court. *See Retired Chicago Police Ass'n v. City of Chicago*, 1997 U.S. Dist. LEXIS 1188, *3 (N.D. Ill. 1997) (granting sanctions where class action allegations were not well grounded in fact or law); *see Durr v. Intercounty Title Co. of Illinois*, 14 F.3d 1183, 1188 (7th Cir.1994) (granting sanctions where plaintiff made unsubstantiated assertion that a class existed).

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants, Todd W. Musburger, individually, Todd W. Musburger, Ltd., an Illinois corporation, and Brian Musburger, respectfully request that the Court enter an Order dismissing Plaintiff's complaint with prejudice.


Dated: March 21, 2008                              Respectfully submitted,

                                                   Defendants Todd Musburger, Todd W.
                                                   Musburger, Ltd., and Brian Musburger


                                                   By:   /s/ Carlin R Metzger
                                                   One of Their Attorneys

Richard T. Greenberg (ARDC No. 1047825)
Carlin R. Metzger (ARDC No. 6275516)
Susan E. Groh (ARDC No. 6289629)
McGuireWoods LLP
77 West Wacker Drive
Suite 4400
Chicago, IL  60601-1681
Phone:  312.849.8100


/5224648.2