WHEREFORE, Plaintiff MEIER prays that this Honorable Court enter judgment in his favor and against Defendants:

a. For actual damages, in an amount to be proven by the evidence, and

b. For an award of punitive damages, in an amount sufficient to punish and deter this and other defendants from engaging in similar conduct in the future.

## COUNT IX
### (Restitution – Return of Commissions Illegally Collected in Violation of the Private Employment Agency Act)

1-160. That MEIER hereby repeats and realleges Paragraphs 1 through 160 of Count VIII of this Complaint as Paragraphs 1 through 160 of this Count IX, as though fully set forth herein.

161. That there was, at all relevant times, in full force and effect, a statute, 225 ILCS 515.1 et seq., commonly known as the Private Employment Agency Act (the "Act"), quoted in relevant part in Count I and reincorporated herein by this reference.

162. That the activities which MUSBURGER conducted on MEIER's behalf were the activities of an "employment agency," as that term is defined in the Act, and the services which Todd W. Musburger and Brian Musburger rendered to MEIER, for which they

seek to recover in this action, were the services of "employment counsellors" as that term is defined in the Act.

163. That at no time were MUSBURGER, LTD., MUSBURGER or BRIAN licensed in accordance with the requirements of § 1 of the Act, and at no time were either MUSBURGER, LTD., MUSBURGER or BRIAN licensed as an "employment counsellor." Moreover, MUSBURGER, LTD., MUSBURGER or BRIAN in addition to never having procured a license from the Illinois Department of Labor, as is mandated under The Private Employment Agency Act, never filed a schedule of fees with the Department of Labor. Posted same in their office, nor obtained or a bond, as required by the Employment Act, nor had either of them ever filed any version of the 1998 Musburger Agreement with the Department of Labor.

164. That under the circumstances set forth in the preceding paragraph, the charge and collection by MUSBURGER, LTD., MUSBURGER or BRIAN, unlicensed agency and agents, of commissions and fees from MEIER was illegal.

165. That under the 1998 Musburger Agreement alone, MUSBURGER illegally collected the sum of $159,311.91 from MEIER in commissions, all of which ought be returned because they were illegally charged and collected as aforesaid.

166. That further sums, the exact amount of which has not been ascertained, must also be accounted for and disgorged returned by MUSBURGER to MEIER by virtue of having been

collected by MUSBURGER under circumstances similar to that which rendered the 1998 Musburger Agreement unlawful.

167. That, additionally, MUSBURGER, LTD., MUSBURGER or BRIAN's failure to obtain a license under the Act, and the failure of either MUSBURGER, LTD., MUSBURGER or BRIAN to obtain a license as an employment counselor and/or agent unlawful.

WHEREFORE, Plaintiff MEIER respectfully prays that this Honorable Court enter judgment in his favor and against Defendants:

a. For actual damages, in an amount to be proven by the evidence, and

b. For an award of punitive damages, in an amount sufficient to punish and deter this and other defendants from engaging in similar conduct in the future.

## COUNT X
(Legal Malpractice Practice - Self-Dealing)

1-167. That MEIER hereby repeats and realleges Paragraphs 1 through 167 of Count IX of this Complaint as Paragraphs 1 through 167 of this Count X, as though fully set forth herein.

169. That MUSBURGER, LTD., MUSBURGER or BRIAN asserted the claim against MEIER for $12,000.00 in billing for Brian's services with full knowledge and awareness that the billing in question was excessive, unethical, and un-agreed to and was wantonly, maliciously and in knowing violation of MUSBURGER,

61

LTD. and MUSBURGER's fiduciary obligations under Rules 1.5 and 5.4, and his conduct in this regard fully justifies an award of punitive damages.

WHEREFORE, Plaintiff MEIER respectfully prays that this Honorable Court enter judgment in his favor, and against Defendant BRIAN:

a. For actual damages, in an amount to be proven by the evidence at trial, and

b. For an award of punitive damages, in an amount sufficient to punish and deter this and other defendants from engaging in similar conduct in the future.

## COUNT XI
(Common Law Fraud and Deceit)

1-169. That MEIER realleges paragraphs 1 through 170 of Count X as paragraphs 1 through 169 of this Count XI.

170. That by reason of the foregoing Defendant intentionally committed the foregoing acts and made the aforesaid misrepresentations in order to mislead, trick, cheat and defraud Plaintiff as aforesaid.

WHEREFORE, Plaintiff MEIER demands judgment against the Defendants, and each of them, individually, jointly and severally, and that she be awarded general, compensatory and punitive damages in great excess of $75,000.00, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT XII
(Declaratory Judgment)

1-170.    That MEIER realleges paragraphs 1 through 170 of Count XI as paragraphs 1 through 170 of this Count XII.

171. That by reason of the foregoing MEIER is entitled to a judicial declaration of his rights pursuant to 735 ILCS 5/2-701 and declaratory relief in connection therewith.

WHEREFORE, MEIER PRAYS that a declaratory judgment be entered in his favor and against Defendants pursuant to 735 ILCS 5/2-701 declaring that the all dealing and contracts with Defendants null and void *ab initio*, and of no force and effect, that all commissions paid by or on behalf of MEIER be refunded with interest, and that he be awarded reasonable attorneys fees, costs, and all further relief to which the he may be entitled and which this Court may deem proper and just in the premises.

## COUNT XIII
(Violations of Illinois Attorneys Act)

1-171.    MEIER incorporates by reference paragraphs 1 though 171 of Count XII as paragraphs 1 though 171 of this Count XIII.

172. That said Statute and Defendants' actions and omissions are likewise violative of the Illinois Attorney Act.

WHEREFORE, Plaintiff MEIER prays that he be awarded general, compensatory and punitive damages in great excess of $75,000.00, plus the costs of this suit, reasonable attorneys

fees and all further relief to which the he may be entitled and which this Court may deem

### COUNT XIV
(Recession)

1-172. Plaintiff realleges paragraphs 1 though 172 of Count XIII as paragraph 1 though 172 of this Count XIV as if set forth fully herein.

173. That by reason of the foregoing said coercive contracts and agreements were unlawful, against public policy, and therefore Plaintiff is equitably entitled to rescind any and all purported agreements, contracts with and payments to Defendants obtained or gained as hereinabove mentioned.

WHEREFORE, MEIER prays that a judgment of rescission of the above-mentioned document be entered against Defendants jointly and severally, directing that that any and all such agreements and contracts signed by or on behalf of MEIER be produced, declared void *ab initio* and rescinded, that all monies paid be disgorged and refunded to him with prejudgment interest there on pursuant to 735 ILCS 5/2-1303, plus they be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises.

### COUNT XV
(Illinois Consumer Fraud and
Deceptive Business Practice Act Claim)

1-173. Plaintiff realleges paragraphs 1 though 173 of Count XIV as paragraph 1 though 173 of this Count XV as if set forth fully herein.

174. That Defendants' actions as alleged above constitute unfair competition and deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

175. That under the Illinois Consumer Fraud and Deceptive Business Practice Act (hereinafter referred to as "ICFA"), 815 ILCS 505/2, a person or corporation can be held liable for "unfair ... practices" used "in the conduct of any trade or commerce." According to the statute, "[t]he terms 'trade' and 'commerce' mean... offering for sale, sale, or distribution of any services...." 815 ILCS 505/1(f).

176. That Defendants unlicensed conduct and actions as employment procurement agents as alleged above constituted and unfair practice and are harmful to consumers like MEIER and competition.

WHEREFORE, Plaintiff MEIER prays for judgment as follows:

A. Declaring that the unfair practice in connection with the unlicensed obtaining commissions for procuring employment in the manner alleged, conspiracy, combination, contracts, arrangements and agreements alleged herein be adjudged and decreed to be in violation of ICFA;

B. Awarding Plaintiff and against Defendants, jointly and severally, general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars;

C. That all payments heretofore made by or on behalf of Plaintiff be accounted for, disgorged and refunded to him with prejudgment interest there on pursuant to 735 ILCS 5/2-1303;

D. Awarding civil penalties pursuant to ICFA;

E. Awarding Plaintiff costs, disbursements and reasonable attorneys fees pursuant to ICFA; and

G. Awarded Plaintiff such other and further relief, as may be appropriate, necessary, just and proper in the premises.

<u>COUNT XVI</u>
(Illinois Antitrust Act Claim)

1-176. Plaintiff reallege paragraphs 1 though 176 of Count XV as paragraph 1 though 176 of this Count XVI as if set forth fully herein.

177. That as alleged above Plaintiff were illegally compelled to pay Defendants prices for services that were artificially inflated by the conspiracy, combination, arrangement and illegal agreements and contracts, anticompetitive practices, including price fixing and self-allocations of market, and an unreasonable restraints of trade by requiring MEIER to have exclusive representation, which included exclusive dealing arrangements the establishment or use of coercive monopoly power to exclude and stifle competition and fix anticompetitive artificially high prices all in restraint of trade, to suppress and destroy competition and freedom of contract in violation of (Illinois Antitrust Act (740 ILCS 10/1 et. seq.) (hereinafter referred to as "The Illinois Antitrust Act"), in an amount presently undetermined but may be determined through discovery.

WHEREFORE, Plaintiff MEIER prays for judgment as follows:

A. Declaring that the conspiracy, combination, contracts, arrangements and agreements alleged herein be adjudged and decreed to be in violation of section 3(1) of the Illinois Antitrust Act, 740 ILCS 10/3(1), and to be an unreasonable restraint of trade in violation of section 3(2) of the Illinois Antitrust Act, 740 ILCS 10/3(2);

B. Awarding Plaintiff and against Defendants, jointly and severally, general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars;

C. Awarding Plaintiff equitable relief against each Defendants, jointly and severally, declare the rights of parties, enter a judgment of rescission of the above-mentioned

agreements dealings and contracts, and that all payments heretofore made by on behalf of Plaintiff be accounted for, disgorged and refunded to him with prejudgment interest there on pursuant to Illinois law, 735 ILCS 5/2-1303;

D. Awarding Plaintiff treble damages pursuant to 740 ILCS 10/7(2);

E. Awarding Plaintiff civil penalties pursuant to 740 ILCS 10/7(4);

F. Awarding Plaintiff costs, disbursements and reasonable attorneys fees pursuant to 740 ILCS 10/7; and

G. Awarded Plaintiff such other and further relief, as may be appropriate, necessary, just and proper in the premises.

### COUNT XVII
(Unjust Enrichment)

1-177. Plaintiff realleges paragraphs 1 though 177 of Count XVI as paragraph 1 though 177 of this Count XVII as if set forth fully herein.

178. That by reason of the foregoing Defendants' conduct constituted unjust enrichment.

WHEREFORE, Plaintiff MEIER prays that all monies paid to Defendants by or on behalf of MEIER be disgorged and refunded to him with prejudgment interest there on pursuant to 735 ILCS 5/2-1303, plus he be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises.

### COUNT XVIII
(Class Action)

1-178. Plaintiff realleges paragraphs 1 through 178 of Count XVII as paragraph 1 though 178 of this Count XVIII as if set forth fully herein.

179. That on information and belief, their exists a class of other persons and clients who have been likewise been subject

to payment of large salary and or income commissions for Defendants' procurement of employment in the State of Illinois, and in other States, as a result the aforesaid unlicensed and illegal conduct.

180. That Plaintiff, as class representative, will adequately represent the claims of said class pursuant to 735 ILCS 5/2-801, et. seq.

181. That a class action may be maintained in this action because:

(a) The class is so numerous that joinder of all members is impractical. While the exact number and identities of the class members are unknown at this time, MEIER believes the number to be substantial and that they can be determine through discovery.

(b) There are questions of fact or law, including but not limited to the above issues of not being licensed, etc. that are common to the class. Such questions predominate over any questions affecting only individual class members.

(c) MEIER is best situated to, and will, fairly and adequately represent the interest of the class and other members, who like them, have been intimidated, may, like them, be fearful to step forward to vindicate and protect their rights.

(d) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff MEIER, as class representatives, prays for judgment as follows:

A. Certifying this matter as a class action under Illinois law and/or Fed. Rule Civ. Pro. 23;

B. Awarding the Plaintiff and the Class and against Defendants, jointly and severally, general, compensatory and

punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars;

C. Awarding the class equitable relief against each Defendants, jointly and severally, including but not limited to an accounting of all payments heretofore made by the members of the class to the Defendants and that they be disgorged and refunded to the class with prejudgment interest there on pursuant to 735 ILCS 5/2-1303;

D. Awarding the class treble damages pursuant to 740 ILCS 10/7(2);

E. Awarding the class civil and equitable appropriate remedies including an equitable accounting pursuant to 740 ILCS 10/7(4);

F. Awarding the class representatives and class costs, disbursements and reasonable attorneys fees pursuant to 740 ILCS 10/7; and

G. Awarded the class such other and further relief, as may be appropriate, necessary, just and proper in the premises.

Respectfully submitted,

Garry Meier, Plaintiff,

By _____
Walter P. Maksym, Jr., his attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923

### ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____
Walter P. Maksym, Jr., Plaintiff's Attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923