# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GARRY MEIER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08 C 216 |
| TODD W. MUSBURGER, individually, and ) | Judge Der-Yeghiayan |
| d/b/a as a non-existent entity known as "Law ) | Magistrate Judge Cole |
| Offices Of Todd W. Musburger, Ltd.", TODD ) | |
| W. MUSBURGER, LTD., an Illinois ) | |
| corporation, and BRIAN MUSBURGER, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Todd W. Musburger, Todd W. Musburger, Ltd. and Brian Musburger, (collectively "Musburger"), by their attorneys, move this Court for an Order of Sanctions against Plaintiff Garry Meier ("Meier") and his attorney of record. In support thereof, Musburger states as follows and submits its Memorandum in Support of Defendants' Motion for Sanctions.

1. Plaintiff Garry Meier's Complaint is frivolous. Not only are the claims and issues raised in Meier's complaint clearly barred by *res judicata* and the *Rooker-Feldman* doctrine, but Meier has also fabricated claims of RICO, fraud and antitrust (among others) in a transparent attempt to tarnish the images of Todd Musburger, Brian Musburger, and Todd W. Musburger, Ltd. (collectively "Musburger").

2. Given the lack of legal foundation for his Complaint, it appears that Plaintiff and his counsel filed this complaint against Musburger for an improper purpose, that is, to harass and impose undue costs on Musburger.

3.      Meier's filing of yet another action – this Federal Complaint – is an abuse of the judicial system.  In the Federal Complaint, Meier goes so far as to accuse Musburger of operating a criminal enterprise and violating antitrust laws.  The foundation for Meier's allegations of "fraud" and "racketeering" in the Federal Complaint are the *same* discredited claims and defenses Meier raised in a prior state court action adjudicated on its merits.

4.      Musburger should not have to deal with Meier's frivolous Federal Complaint, and neither should this Court.  Meier and his counsel should be severely sanctioned in order to deter this conduct in the future and to compensate Musburger for the damage this Federal Complaint has caused.

WHEREFORE, Defendants, Todd W. Musburger, Todd W. Musburger, Ltd., and Brian Musburger, respectfully request that the Court enter an Order (a) dismissing Plaintiff's complaint with prejudice; (b) awarding sanctions and requiring Plaintiff and his attorney-of-record to pay Defendants their costs and fees incurred by defending themselves against the First Amended Complaint, including those related to the Motion to Dismiss and Motion for Sanctions; and (c) any further relief this Court deems appropriate.

Dated: March 21, 2008                                           Respectfully submitted,

                                                                Defendants Todd W. Musburger, Todd W.
                                                                Musburger, Ltd., and Brian Musburger


                                                                By:   /s/ Carlin R. Metzger
                                                                One of Its Attorneys

Richard T. Greenberg (ARDC No. 1047825)
Carlin R. Metzger (ARDC No. 6275516)
Susan E. Groh (ARDC No. 6289629)
McGuireWoods LLP
77 West Wacker Drive, Suite 4400
Chicago, IL  60601-1681
Phone:  312.849.8100
Attorney No. 40426

2