**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GARRY MEIER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08 C 216 |
| TODD W. MUSBURGER, individually, and | ) | Judge Der-Yeghiayan |
| d/b/a as a non-existent entity known as "Law | ) | Magistrate Judge Cole |
| Offices Of Todd W. Musburger, Ltd.", TODD | ) | |
| W. MUSBURGER, LTD., an Illinois | ) | |
| corporation, and BRIAN MUSBURGER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION FOR SANCTIONS</u>**

# TABLE OF CONTENTS

FACTUAL BACKGROUND ............................................................................ 3

    A.    Claims in Prior Lawsuit ................................................................. 3

    B.    Meier's Claims in this Lawsuit ..................................................... 5

    C.    Musburger's Notice to Meier ........................................................ 7

ARGUMENT ............................................................................................... 8

I.     RULE 11 AUTHORIZES THE COURT TO IMPOSE SANCTIONS FOR
      BASELESS LEGAL PLEADINGS FILED FOR AN IMPROPER PURPOSE ............... 8

II.    MEIER'S CLAIMS HAVE NO BASIS IN LAW ........................................... 9

    A.    Res judicata ................................................................................ 10

    B.    Rooker-Feldman ......................................................................... 10

    C.    RICO Claims .............................................................................. 11

    D.    Antitrust Claims ......................................................................... 13

    E.    Class Action ............................................................................... 14

III.   MEIER FILED THE FEDERAL COMPLAINT FOR IMPROPER PURPOSES .......... 14

IV.   PLAINTIFF'S VIOLATIONS OF RULE 11 WARRANT SANCTIONS ................... 15

    A.    Plaintiff's Multiple Violations Warrant Sanctions ................... 15

    B.    The Sanctions Imposed Should Deter Similar Conduct .......................... 16

CONCLUSION ........................................................................................... 18

## TABLE OF AUTHORITIES

### FEDERAL CASES

*A-Abart Electric Supply, Inc. v. Emerson Electric Co.*, 956 F.2d 1399 (7th Cir. 1992)...............13

*Banker's Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) .........................16

*Bell Atlantic Corp. v. Twombly, -- U.S. ---*, 167 L. Ed. 2d 929, 127 S. Ct. 1955 (2007)..............14

*Bernwick Grain Co. v. Illinois Department of Agriculture*, 217 F.3d 502 (7th Cir. 2000) ............8

*Bolivar v. Pocklington*, 975 F.2d 28 (1st Cir. 1992).......................................................................15

*Brandt v. Schal Associate, Inc.*, 960 F.2d 640 (7th Cir. 1992) ......................................................11

*Cadwallader v. Glynn*, No. 89 C 2472, 1991 U.S. Dist. LEXIS 3111 (N.D. Ill. March 12, 1991) .........................................................................................................................................11

*Cannon v. Loyola University of Chi.*, 784 F.2d 777 (7th Cir. 1986) ..............................................10

*Chambers v.  NASCO, Inc.*, 501 U.S. 32, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991)....................16

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990).........................................................................................................................................8

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) ...................................................................................................................10, 11

*Dreis & Krump Manufacturing Co. v. International Association of Machinists & Aero. Workers*, 802 F.2d 247 (7th Cir. 1986)..........................................................................................12

*Durr v. Intercounty Title Co. of Illinois*, 14 F.3d 1183 (7th Cir. 1994)....................................9, 14

*Fitzgerald v. Chrysler Corp.*, Civ. No. 96 C 0021, 1996 U.S. Dist. LEXIS 11951 (N.D. Ill. August 16, 1996) ...................................................................................................................8

*Fred A. Smith Lumber Co. v. Ediden*, 845 F.2d 750 (7th Cir. 1988)...........................8, 11, 14, 16

*Fries v. Helsper*, 146 F.3d 452 (7th Cir. 1998)........................................................8, 16, 17, 18

*Haas v. RICO Enterprise*, No. 03 C  8695, 2004 U.S. Dist. LEXIS 11189 (N.D. Ill. June 18, 2005) ......................................................................................................................................8, 15

*Halim v. The Great Gatsby's Auction Gallery, Inc.*, No. 03 C 8414, 2007 U.S. Dist. LEXIS 21891 (N.D. Ill. March 12, 2007)..........................................................................18

*Harris Custom Builders Inc. v. Hoffmeyer*, 834 F. Supp. 256 (N.D. Ill. 1993)...............................9

*Henry v. Farmer City State Bank*, 127 F.R.D. 154 (C.D. Ill. 1989) ...............................................11

*Jimenez v. Madison Area Technical College*, 321 F.3d 652 (7th Cir. 2003)............................8, 18

*Kane, McKenna and Associates, Inc. v. Remcorp, Inc.*, No. 87 C 5535, 1988 U.S. Dist. LEXIS 955 (N.D. Ill. January 29, 1988)....................................................................................14

*Kathrein v. Monar,* 218 Fed. Appx. 530, 532 (7th Cir. 2007) ......................................................15

*LaRue v. United States*, 959 F. Supp. 959 (C.D. Ill. 1997).......................................................8, 17

*In re McDonald*, 489 U.S. 180, 103 L. Ed. 2d 158, 109 S. Ct. 993 (1989) ....................................9

*New Alliance Party v. FBI*, 858 F. Supp. 425 (S.D.N.Y. 1994) .....................................................16

*Retired Chicago Police Association v. City of Chicago*, 1997 U.S. Dist. LEXIS 1188 (N.D. Ill. 1997)..............................................................................................................................14

*Roger Whitmore's Automobile Services v. Lake County, Ill.*, 424 F.3d 659 (7th Cir. 2005).........12

*Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ...............10

*Sprague Farms, Inc. v. Providian Corp.*, 929 F. Supp. 1125 (C.D. Ill. 1996) ..............................16

*U.S. Bank National Association v. Sullivan-Moore*, 406 F.3d 465 (7th Cir. 2005)......................18

*Willy v. Coastal Corp.*, 503 U.S. 131, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992).......................11

*Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003) .....................................15

## STATE CASES

*Bennett v. Gordon*, 282 Ill. App. 3d 378 (1st Dist. 1996).........................................................10, 13

*Hudson v. City of Chicago*, No. 100466, 2008 WL 217175 (Ill. Jan 25, 2008) ......................10, 13

*Purmal v. Wadington and Associates*, 354 Ill. App. 3d 715 (1st Dist. 2004).........................10, 13

## FEDERAL STATUTES

Fed. R. Civ. P. 11(b)(1).......................................................................................................... passim

## STATE STATUTES

735 ILCS 5/2-1401 ............................................................................................5

740 ILCS  10/3 .................................................................................................13

705 ILCS 205/1 ...............................................................................................5

225 ILCS 515/0.01 ..........................................................................................4

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff Garry Meier's Complaint[1] is frivolous.  Not only are the claims and issues raised in Meier's complaint clearly barred by *res judicata*, but Meier has also fabricated claims of RICO, fraud and antitrust (among others) in a transparent attempt to tarnish the images of Todd Musburger, Brian Musburger, and Todd W. Musburger, Ltd. (collectively "Musburger").  Additionally, Meier filed this suit in <u>Federal</u> court despite the *Rooker-Feldman* doctrine's jurisdictional bar to a federal trial court's review of a state court judgment.  The very same claims and issues raised by Meier in his eighteen-count Federal Complaint were previously addressed in state court last year.[2]  Musburger filed suit against Garry Meier on April 1, 2004 in Illinois state court to collect attorney fees for the legal services performed for Meier in 2002 and 2003.  After three years of contentious litigation, the case was tried and a jury awarded Musburger $68,750 on January 29, 2007.  During the State Case, Meier filed detailed affirmative defenses, various counterclaims, a third-party complaint against Brian Musburger, and several dispositive motions.  The judge and jury rejected Meier's claims.  Since the entry of the judgment in the State Case, Meier has filed a post trial motion (which was denied), a separate Petition to Vacate the judgment (which was denied), and an appeal of the State Case (pending).

Given the lack of legal foundation for his Complaint, it appears that Plaintiff and his counsel filed this complaint against Musburger for an improper purpose, that is, to harass and impose undue costs on Musburger.  Meier's filing of yet another action – this Federal Complaint

---

[1] Within weeks of filing his original complaint in federal court on January 8, 2008, Meier filed an Amended Complaint.  Meier's original Complaint is attached hereto as <u>Exhibit C</u>, and Meier's 1/22/08 "Amended" Complaint is attached as <u>Exhibit D</u>, and Meier's 2/11/08 "First Amended" Complaint is attached as <u>Exhibit E</u>.

[2] Meier's previously dismissed claims appear in various pleadings filed by Meier in the "State Case," *Law Offices of Todd W. Musburger v. Garry Meier*, 2004 L 3760 (Cook County, Judge Ronald Bartkowicz, Judgment of January 30, 2007).

– is an abuse of the judicial system.  In the Federal Complaint, Meier goes so far as to accuse Musburger of operating a criminal enterprise and violating antitrust laws.  The foundation for Meier's allegations of "fraud" and "racketeering" in the Federal Complaint are the same discredited claims and defenses Meier raised in the State Case.  *See* Exhibit B.[3]

Sanctions are important in this case for many reasons, chief among them the deterrence of Meier and his counsel from pursuing any further actions against Musburger or against other individuals in a similar fashion.  Musburger's action against Meier in state court was straightforward: Musburger sought the fees he was due for his work as Meier's attorney in 2002 and 2003.  Meier has turned a simple case into a fiasco.  If individuals like Meier and his counsel are permitted to act in this manner, those legitimately wronged will hesitate to pursue their rights in court, knowing that they will face this type of retaliation and harassment.  The actions of Meier and his counsel are not zealous advocacy; Meier and his counsel (Meier's discredited "expert" witness during the trial of the State Case) are waging a malignant campaign to tarnish Musburger's reputation and exact revenge by increasing Musburger's costs and expenses through the pursuit of frivolous litigation.  Musburger should not have to deal with Meier's frivlous Federal Complaint, and neither should this Court.  Meier and his counsel should be severely sanctioned in order to deter this conduct in the future and to compensate Musburger for the damage this Federal Complaint has caused.

---

[3] In an effort to facilitate the comparison of Meier's claims in the State Case with those in his Federal Complaint, we have attached a side by side comparison of the claims as Exhibit B.

## FACTUAL BACKGROUND

### A.    Claims in Prior Lawsuit.

*State Trial Court Proceedings*

On April 1, 2004, The Law Offices of Todd W. Musburger sued Meier to collect fees for legal services performed for Meier between September 2002 and September 2003.  (*See* Exhibit F, 4/1/2004 Verified Complaint.)  In response, Meier filed affirmative defenses claiming that (1) the plaintiff was not a legal entity with the capacity to sue; (2) Musburger breached his fiduciary duty by representing clients with conflicting interests to Meier; and (4) Musburger breached his fiduciary duties by failing to follow instructions from Meier, failing to provide information regarding contract terms, failing to keep a detailed record of his time, and failing to keep Meier reasonably informed about his negotiation.  (*See* Exhibit G, Meier 1/19/05 Answer and Amended Counterclaim.)  In addition, Meier filed counterclaims alleging (Count I) breach of fiduciary duty; (Count II) intentional infliction of emotional distress; and (Count III) public disclosure of private facts.  *Id.*  In these pleadings, Meier requested the disgorgement of *all fees which Todd W. Musburger, Ltd. received* or claims it had a right to receive in connection with its representation of Meier.  *Id.*

In October 2007, Meier filed a Third Amended Counterclaim, alleging (Count I) professional negligence relating to the services for which Musburger sought compensation; (Count II) breach of fiduciary duty – disobedience of client directives; (Count III) professional negligence – failure to disclose new offer; (Count IV) public disclosure of private facts; (Count V) breach of fiduciary duty – conflict of interest; and (Count VI) breach of fiduciary duty – excessive, improper and fraudulent billing.  (*See* Exhibit H, Meier's October 2007 Motion for Leave to file a Third Amended Counterclaim and Third Party Complaint, along with his proposed pleadings.)  Meier also moved for Leave to File a Third Party Complaint against Brian

3

Musburger, alleging that Brian Musburger breached his fiduciary duties, impermissibly split fees with a lawyer, charged for services that Meier did not consent to, and overcharged for his services.  (*See* <u>Exhibit</u> <u>I</u>, Meier's Motion for Leave to File a Third Party Complaint against Brian Musburger.)  The trial court allowed Meier to file his Third Amended Counterclaim, but denied Meier's Motion for Leave to File a Third Party Complaint against Brian Musburger on November 27, 2006.  In addition, the court dismissed Count VI of Meier's Third Amended Counterclaim as a matter of law.  (*See* <u>Exhibit</u> <u>J</u>, 11/27/2007 Order denying Meier's Leave to File a Third Party Complaint against Brian Musburger and dismissing Count VI of Meier's Third Amended Counterclaim.)

On the eve of the January 23, 2007 trial, Meier filed a motion to dismiss Musburger's Complaint and a Motion for Leave to file a Fourth Amended Counterclaim and a Fifth Affirmative Defense.  (*See* <u>Exhibit</u> <u>K</u>, Meier's 1/17/2007 Motion for Leave to File a Fourth Amended Counterclaim and Fifth Affirmative Defense, along with his proposed pleadings; <u>Exhibit</u> <u>L</u> Meier's 1/17/2007 Motion to Dismiss.)  These pleadings each relied on Meier's assertion that Musburger acted as an "employment agency" in violation of the Illinois Private Employment Agency Act, 225 ILCS 515/0.01.  After a hearing on January 22, 2007, the court dismissed this claim on the merits.  (*See* <u>Exhibit</u> <u>M</u>, 1/22/2007 hearing transcript.)  Meier then filed a motion to voluntarily dismiss his remaining Counterclaims.

After a week-long trial, on January 29, 2007, a Cook County jury awarded Musburger $68,750 on the single count remaining at issue— Musburger's *quantum meruit* claim.  (*See* <u>Exhibit</u> <u>N</u>, 1/29/2007 Verdict and 1/30/2007 Judgment Order.)

4

*State Post-Trial and Appellate Court Proceedings*

Meier's post-trial motion (<u>Exhibit O</u>) was denied on September 26, 2007, and Meier has filed an appeal.  In his post-trial motion and November 8, 2007 appellate docketing statement (<u>Exhibit P</u>), Meier claims that the State Court judgment should be reversed for a number of reasons, including (1) the State Case judgment was a nullity because the name of the plaintiff in the caption was mis-described as "Todd W. Musburger, Ltd." rather than "Law Offices of Todd W. Musburger, Ltd."; (2) Musburger's contract with Meier was illegal and unenforceable (*see* <u>Exhibit N</u>, p. 3); (3) Musburger was discharged by Meier "for cause" (*see* <u>Exhibit O</u>, p. 3-4); (4) Musburger attempted to bill fees for a non-lawyer Brian Musburger in violation of the Illinois Attorney Act, 705 ILCS 205/1 (*see* <u>Exhibit O</u>, p. 4); (5) Musburger acted as an "employment agency" in violation of the Illinois Private Employment Agency Act (*see* <u>Exhibit O</u>, p. 5); and (6) the State Court judgment is void because The Law Offices of Todd W. Musburger was not an assumed name of Todd W. Musburger, Ltd. (*see* <u>Exhibit P</u>, p. 3).

*Meier's Petition to Vacate the Judgment*

On October 18, 2007, Meier also filed a Petition to Vacate the Judgment pursuant to 735 ILCS 5/2-1401, (<u>Exhibit Q</u>) claiming the judgment in the State Case is void because the name of the plaintiff in the caption should have been "Todd W. Musburger, Ltd." rather than "The Law Offices of Todd W. Musburger, Ltd."  Musburger moved to dismiss this Petition in the State Case because this technical defect is merely a misnomer that does not warrant vacating the judgment. (*See* <u>Exhibit R</u>, Musburger's Motion to Dismiss Petition.)  The trial court agreed and, on March 14, 2008, granted Musburger's motion to dismiss. (*See* <u>Exhibit S</u>, 3/14/2008 Order.)

**B.    Meier's Claims in this Lawsuit.**

Although Meier's claims have been rejected in the State Case by the judge and jury, Meier filed this Federal Complaint on January 9, 2008, adding only empty rhetoric and a litany

of baseless allegations.  (*See* <u>Exhibit C</u>, Federal Complaint.)  The State and Federal cases arise out of the same set of operative facts: the legal services performed for Meier by Musburger.  In fact, Meier's Federal Complaint is essentially identical to the claims and defenses he advanced in the State Case.  Meier's January 9, 2008, Federal Complaint asserts thirteen causes of action: (1) Racketeer Influenced and Corrupt Organization Act ("RICO"); (2) Conspiracy to Violate RICO; (3) Legal Malpractice; (4) Breach of Fiduciary Duty – Disobedience of Client Directives; (5) Legal Malpractice – Failure to Disclose New Offer; (6) Public Disclosure of Private Facts; (7) Breach of Fiduciary Duty – Conflict of Interest; (8) Breach of Fiduciary Duty – Fraud; (9) Restitution – Return of Fees and Commissions Illegally Collected in Violation of the Private Employment Agency Act; (10) Legal Malpractice Act – Self-Dealing; (11) Common Law Fraud and Deceit; (12) Declaratory Judgment declaring all dealings and contracts null and void; and (13) Violation of the Illinois Attorneys Act.

On January 22, 2008, Meier filed an Amended Complaint with five additional counts: (14) Recession (*sic*); (15) Illinois Consumer Fraud and Deceptive Business Practice Act Claim; (16) Illinois Antitrust Act Claim; (17) Unjust Enrichment; and (18) Class Action.  (*See* <u>Exhibit D</u>, Amended Complaint.)  On February 11, 2008, Meier filed a First Amended Complaint with minor modifications.  (*See* <u>Exhibit E</u> First Amended Federal Complaint "1st Amend. Compl.")

Meier's claims are in this case and the State Case are the same:

- Meier's RICO counts and declaratory judgment count (Counts I, II, and XII) are based on his position that the Law Offices of Todd W. Musburger was not a legal entity.  Meier previously made the same claims in his First Affirmative Defense, which was rejected by the jury; and in his Petition to Vacate the Judgment, which was denied by the judge; and in his pending appeal.  (*See* <u>Exhibits G</u>, <u>Q</u>.)

- Meier's legal malpractice, breach of fiduciary duty, and fraud claims (Counts III, IV, V, VII, VIII, X, XI, and XV) are reiterations of his affirmative defenses, which were rejected by the jury; and his state court counterclaims in the State Case, which he voluntarily dismissed.  (*See* <u>Exhibit G</u>.)

- Meier's claim of Public Disclosure of Private Facts (Count VI) is identical to one of his state court counterclaims, which he voluntarily dismissed. (*See* <u>Exhibits</u> <u>G</u>.)

- Meier's claim that Musburger violated the Private Employment Agency Act (Counts I, II, and IX) was raised in his Motion to Dismiss, his Fifth Affirmative Defense, his Fourth Amended Counterclaim, and his Petition to Vacate the Judgment, all of which were explicitly rejected by the State court. (*See* <u>Exhibits</u> <u>K</u>, <u>L</u>, <u>M</u>.)

- Meier's claim that Musburger violated the Illinois Attorneys Act (Count XIII) by billing for Brian Musburger's services was raised in Meier's Post-Trial Motion and rejected by the State court. It is also identified by Meier as an issue in the pending appeal. (*See* <u>Exhibits</u> <u>O</u>, <u>P</u>.)

- Meier's claim that all contracts between Meier and Musburger are null and void (Counts XIV and XVII) was raised in Meier's Petition to Vacate the Judgment, which was denied by the State court. (*See* <u>Exhibit</u> <u>Q</u>.)

- Meier's claim that Musburger violated Illinois Supreme Court Rule 721 (Counts I and II) was raised in Meier's Petition to Vacate the Judgment, which was denied by the State court. (*See* <u>Exhibit</u> <u>Q</u>.)

- Meier's claim that Musburger violated the Business Corporations Act (Counts I and II) was raised in Meier's Petition to Vacate the Judgment, which was denied by the State court. (*See* <u>Exhibits</u> <u>Q</u>.)

- Meier's allegations against Brian Musburger are identical to the allegations that he previous raised in his Third Party Complaint against Brian Musburger, which the State court also rejected. (*See* <u>Exhibits</u> <u>I</u>.)

Meier's remaining claims were resolved by the jury when it examined all of the evidence and ruled in favor of Musburger.

### C.    Musburger's Notice to Meier

Pursuant to Rule 11, counsel for Musburger sent counsel for Meier a Rule 11 letter (attached as <u>Exhibit</u> <u>A</u>), and an advance copy of this motion to comply with Seventh Circuit precedent.

## ARGUMENT

**I.     RULE 11 AUTHORIZES THE COURT TO IMPOSE SANCTIONS FOR BASELESS LEGAL PLEADINGS FILED FOR AN IMPROPER PURPOSE.**

Meier's Federal Complaint is a poster child for litigation misconduct.  Not only has Meier filed identical claims in State and Federal Court, but Meier makes frivolous allegations of fraud, racketeering, and anti-trust, and attempts to transform a fee dispute into a "class action." Federal Rule of Civil Procedure 11 forbids parties and their counsel from filing pleadings with the court that (1) seek to achieve an improper purpose, such as delay, harassment, or the imposition of undue costs on the opposing parties; (2) assert unfounded legal claims; or (3) contain unfounded factual allegations.  Fed. R. Civ. P. 11(b).  The purpose of a Rule 11 sanction is to "deter baseless filings in the district court."  *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (*citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990)); *see also Jimenez v. Madison Area Technical College*, 321 F. 3d 652, 656 (7th Cir. 2003); *Fred A. Smith Lumber Co. v. Ediden*, 845 F.2d 750, 752 (7th Cir. 1988).

The court may order sanctions where the plaintiff files a complaint that is not warranted by existing law (Fed. R. Civ. R. 11(b)(2); *see Bernwick Grain Co. v. Illinois Dept of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000); *LaRue v. United States*, 959 F. Supp. 959, 963 (C.D. Ill. 1997)) and where the plaintiff has filed his complaint for an improper purpose (Fed. R. Civ. P. 11(b)(1); *see Fred A. Smith Lumber Co.*, 845 F.2d at 752; *Haas v. RICO Enterprise*, No. 03 C 8695, 2004 U.S. Dist. LEXIS 11189, at *18 (N.D. Ill. June 18, 2005) (*citing In re McDonald*, 489 U.S. 180, 184, 103 L. Ed. 2d 158, 109 S. Ct. 993 (1989).

A court's authority, and willingness, to impose sanctions under Rule 11 is especially critical in the RICO context, because recklessly-leveled RICO charges can severely damage the personal and professional interests of a RICO defendant.  *See Fitzgerald v. Chrysler Corp.*, Civ.

8

No. 96 C 0021, 1996 U.S. Dist. LEXIS 11951, at *8 n.2 (N.D. Ill. August 16, 1996) (holding that Rule 11's deterrence value is particularly important in the RICO context, as the "mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants").

Similarly, antitrust claims are very serious allegations because antitrust cases are complex, expensive cases that involve the possible award of treble damages.  Courts have recognized that unfounded antitrust claims are particularly subject to sanctions.  *See Harris Custom Builders Inc. v. Hoffmeyer*, 834 F. Supp. 256, 263 (N.D. Ill. 1993) (holding that counterclaim for antitrust claim warranted sanctions where there was no reasonable legal inquiry that should provide the foundations for claims of such gravity).

Baseless class action allegations, likewise, are severe charges that warrant sanctions.  *See Durr v. Intercounty Title Co. of Illinois*, 14 F.3d 1183, 1188 (7th Cir. 1994) (affirming sanction where there was no factual support for the existence of other injured plaintiffs).

In this case, Meier's reckless Federal Complaint has no basis in law because it merely reiterates claims and demands that have been adjudicated and dismissed, on their merits, by previous litigation.  Additionally, Meier's damaging and baseless allegations, which include his counts for RICO, fraud, antitrust, and "class action," against Musburger have no basis in law. By filing the instant complaint, Meier has violated Rule 11, and this Court should impose sanctions.

## II.   MEIER'S CLAIMS HAVE NO BASIS IN LAW.

Rule 11 prohibits pleadings based on unreasonable legal grounds.  Fed. R. Civ. P. 11(b)(2) (requiring that "the claims . . . and other legal contentions" be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"); *see Henry v. Farmer City State Bank*, 127 F.R.D. 154, 156 (C.D. Ill. 1989) ("Notwithstanding an attorney's sincere belief in his client's cause, the attorney has a

duty 'to review the law to determine whether the facts fit within a recognized entitlement to relief.'") (citation omitted).  Meier's claims have already been litigated and are thus barred by *res judicata*.  Moreover, his specific allegations of RICO, antitrust, and class action are completely meritless.

    A.    *Res judicata*

As set forth in detail in Musburger's Motion to Dismiss, Meier's current claims involve the same operative facts as the earlier State Case.  Meier could have raised (and for the most part did raise) these claims in the prior State Case.  Accordingly, *res judicata* bars all of his claims.  *See Bennett v. Gordon*, 282 Ill. App. 3d 378, 383 (1st Dist. 1996) (holding that, under doctrine of *res judicata*, the previous petition for attorney fees barred subsequent legal malpractice action because the defense of the attorney's fee petition and the client's legal malpractice action arose from the same core of facts); *see Purmal v. Wadington and Associates*, 354 Ill. App. 3d 715, 724 (1st Dist. 2004) (holding that *res judicata* barred legal malpractice claim because it was the same cause of action as the earlier fee petition); s*ee Hudson v. City of Chicago*, No. 100466, 2008 WL 217175, *6 (Ill. Jan 25, 2008) (holding that plaintiff who splits his claims by voluntarily dismissing and re-filing part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense).  Accordingly, by filing this action Meier violated Rule 11.  *See Cannon v. Loyola Univ. of Chi.*, 784 F.2d 777, 782 (7th Cir. 1986) (finding that plaintiff's pursuit of a claim barred by *res judicata* was an "egregious and blatant violation of Rule 11").

    B.    *Rooker-Feldman*

The *Rooker-Feldman* doctrine clearly bars this suit.  *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  Meier's

Federal Complaint raises **_no injury, issues, or claims_** that he did not have a reasonable opportunity to present in the State Case.  In fact, Meier *did* present the very same claims in the State Case.  He has tacked on several new outlandish legal theories to the claims he raised in the State case, but the facts, allegations and issues are *identical*.

Despite this jurisdictional bar to Meier's claims, Musburger requests that this Court hear and rule upon this Motion for Sanctions.  This Court is permitted to grant sanctions even if it lacks jurisdiction to hear Meier's suit.  *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38, 112 S.Ct. 1076, 117 L.Ed2d 280 (1992) (lack of subject matter jurisdiction does not preclude district court from considering Rule 11 sanctions).  Meier's multiple Complaints are a particularly egregious violation of Rule 11, and merit an award of sanctions.

C.    *RICO Claims*

Similar meritless RICO allegations have been sanctioned by this Court and the Seventh Circuit.  *Fred A. Smith Lumber Co.,* 845 F.2d at 754 (reversing the district court's denial of sanctions and holding that the "RICO claims in the Second Amended Complaint were objectively unreasonable" in light of Seventh Circuit precedent); *Henry*, 127 F.R.D. at 156 ("Certainly, some aspects of RICO are difficult to deal with for attorneys and judges alike.  But here, Plaintiffs' allegations did not fall into the gray area of possibly colorable claims.  The claims presented were patently inadequate, even in light of the state of development of RICO at the time the complaint was filed."); *see Cadwallader v. Glynn*, No. 89 C 2472, 1991 U.S. Dist. LEXIS 3111, at *8-9 (N.D. Ill. March 12, 1991).

In *Brandt v. Schal Assoc., Inc.*, 960 F.2d 640 (7th Cir. 1992), plaintiff subcontractor brought a RICO claim against a construction management firm alleging that the construction firm required him to adopt costly modifications that eliminated his profits.  Like this case, *Brandt* was first litigated in a parallel state court proceeding on contract issues similar to those

11

alleged in the federal case. *Id.* at 643. The district court held that the plaintiff's attorney violated Rule 11 by filing the RICO claims in the absence of any supporting evidence. *Id.* at 644. In addition, the plaintiff's attorney inundated his opponent and the district court with lengthy yet insubstantial briefs, mountains of discovery, and measures designed simply to impede the rapid resolution of the case. *Id.* at 647. On appeal, the Seventh Circuit affirmed the sanctions. *Id.* at 652. The Seventh Circuit observed:

> why, with all of this "exhaustive" discovery already completed in state court—with a decision still pending—did he plunge into federal court with this frivolous RICO claim? Perhaps it was to employ a more potent threat, a chance to call defendants racketeers, and to exhaust his opponents into a settlement. Regardless of his strategy, the result is severe sanctions.

*Id.* at 649.

Several other Seventh Circuit cases have upheld severe sanctions for similar conduct. *See Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 676 (7th Cir. 2005) (affirming award of Rule 11 fees in civil RICO case where plaintiff had no reasonable basis to sue under clearly established law); *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aero. Workers*, 802 F.2d 247, 255 (7th Cir. 1986) (finding that district court abused its discretion by denying sanctions when suit was time barred).

Meier's claims are equally unreasonable and not warranted by existing precedent. Meier's RICO claims lack any supporting evidence and fail to meet basic RICO pleading requirements. Meier acknowledges that Todd W. Musburger, Ltd. was and always has been properly incorporated, but argues in the Federal Complaint that the firm's misnomer in the State Case as "Law Offices of Todd W. Musburger, Ltd." constitutes the basis for his RICO allegations.

A RICO action cannot stand against a law firm based solely on a reference to the firm as "Law Offices of [x]" as opposed simply [x], but that is exactly what Meier is claiming.  In paragraph 135 of his almost indecipherable Amended Federal Complaint, Meier alleges that "Defendants, individually, jointly, and in combination and conspiracy, with their named and unnamed co-conspirators, within the meaning of the Racketeer Influenced and Corrupt Organizations Act . . . were . . . used by them *(sic)* as a racketeering enterprise to accomplish the said unlawful acts and to keep said entity. *(sic)*  Musburger, Ltd. *(sic)*, functioning and alive and perpetuated their activities as the non-existent entity Law Offices of Todd W. Musburger, Ltd., at all times relevant which, run by and under Musburger's domination and control, participated in and effected interstate commerce as herein alleged."   In paragraph 136, Meier alleges that "Defendants and their co-conspirators conspired to conduct and/or to participate directly in the conduct of the affairs of the through *(sic)* a pattern of racketeering activity *(sic)* Defendants illegal and criminal activities constituted a Pattern of Racketeering activity and conspiracy." Meier must be sanctioned for the inclusion of baseless RICO allegations in his Federal Complaint.

D.    *Antitrust Claims*

Meritless antitrust allegations similar to those advanced here have been summarily sanctioned by this Court and the Seventh Circuit.  The Illinois Antitrust statute, 740 ILCS 10/3(1), provides that a price fixing violation occurs when a person "Make[s] any contract with, or engage[s] in any combination or conspiracy with, any other person who is, or but for prior agreement would be, a competit[or] of such person . . ."  Meier fails to allege that a third party was involved, that the third party was a competitor, and that there was a conspiracy with the third party.  *See A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399, 1406 (7th Cir. 1992) (finding Rule 11 violation warranting sanctions where plaintiff failed to allege that defendant and

13

third party reached agreement as to prices); *see Kane, McKenna and Associates, Inc. v. Remcorp, Inc.*, No. 87 C 5535, 1988 U.S. Dist. LEXIS 955, at *15 (N.D. Ill. January 29, 1988) (granting Rule 11 sanctions where complaint was devoid of any factual allegations necessary to maintain any of the alleged causes of action, including antitrust).

  E.  *Class Action*

  Meier also advances a count of the Federal Complaint for "class action" with no underlying cause of action. This is plainly improper. Meier is required to supply facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, -- U.S. ---, 167 L. Ed. 2d 929, 127 S.Ct. 1955, 1961 (2007) (dismissing class action that alleges that major telecommunications providers engaged in certain parallel conduct unfavorable to competition, absent some factual context suggesting agreement); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Additionally, Meier's complaint alleges a state class action, which is improper in federal court. Meier's conduct warrants sanctions. *See Retired Chicago Police Ass'n v. City of Chicago*, 1997 U.S. Dist. LEXIS 1188, *9 (N.D. Ill. 1997) (granting sanctions where class action allegations were not well grounded in fact or law); *see Durr v. Intercounty Title Co. of Illinois*, 14 F.3d 1183 at 1184 (granting sanctions where plaintiff made unsubstantiated assertion that a class existed).

## III. MEIER FILED THE FEDERAL COMPLAINT FOR IMPROPER PURPOSES

  In addition to finding Rule 11 violations for factually or legally deficient pleadings, a court will also impose sanctions when it finds that the plaintiff has filed a paper for an improper purpose. *Fred A. Smith Lumber Co.*, 845 F.2d at 752 (finding that a pleading may not be filed

for purposes of "delay, harassment, or increasing the costs of litigation"); *see Hass*, 2004 U.S. Dist. LEXIS 11189, at *18. In this case, there are several indicia of plaintiff's intent to file the instant complaint for an improper purpose.

This complaint marks at least the fourth time that Meier has made the same arguments against Musburger: first, as his defenses to Musburger's claim for attorney's fees and as Meier's Counterclaim; second, as the basis for his state court appeal; third, as the basis for his Petition to Vacate the State Case judgment; and, now, as the basis for his Federal Complaint. This raises serious questions about the motives of Meier and his counsel. Meier has transformed a garden variety fee dispute into, literally, a federal case. Meier alleges <u>nothing</u> in his amended complaint to suggest a massive RICO conspiracy, antitrust collusion, or a similarly situated class.

A plaintiff who brings a lawsuit for an improper purpose is subject to sanctions. *See Bolivar v. Pocklington*, 975 F.2d 28, 33 (1st Cir. 1992) (affirming Rule 11 sanctions for unnecessarily multiplied proceedings where the same action between same parties and based on same claims was pending in another jurisdiction and plaintiff's attorneys should have known that filing present action was not justified by existing law); s*ee Williams v Aztar Ind. Gaming Corp.*, 351 F .3d 294, 300 (7th Cir. 2003) (affirming dismissal of case where RICO claims were alleged solely to invoke jurisdiction of federal courts and also suggesting that such conduct warrants sanctions); *see Kathrein v. Monar*, 218 Fed. Appx. 530, 532 (7th Cir. 2007) (affirming the imposition of sanctions where plaintiff stated in court that he initiated the federal suit to increase defendant's legal fees).

## IV.   PLAINTIFF'S VIOLATIONS OF RULE 11 WARRANT SANCTIONS

### A.   *Plaintiff's Multiple Violations Warrant Sanctions*

In determining whether sanctions are warranted for a violation of Rule 11, courts consider whether counsel or his client "should have known" that the position taken in the

pleading was groundless. *Banker's Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992); *see Sprague Farms, Inc. v. Providian Corp.*, 929 F. Supp. 1125, 1131 (C.D. Ill. 1996); *Fred A. Smith Lumber Co.*, 845 F.2d at 752 (finding that "[t]he standard for imposing sanctions under either prong of Rule 11 is an 'objective determination of whether the sanctioned party's conduct was reasonable under the circumstances'") (citation omitted).  Parties and counsel must perform sufficient "pre-filing inquiry into both the facts and the law to satisfy the affirmative duty [of care] imposed by the rule." Fed. R. Civ. P. 11 advisory comm. notes (1983 amendments); *see Bankers Trust*, 959 F.2d at 683 (holding that "a duty of reasonable pre-complaint inquiry [is] not satisfied by rumor or hunch"); *New Alliance Party v. FBI*, 858 F. Supp. 425, 429 (S.D.N.Y. 1994) (holding that "plaintiffs may not file a complaint . . . without having made a reasonable investigation of the facts").

In this case, as explained in detail above and in the separate Motion to Dismiss, Meier and his counsel obviously failed to conduct an adequate pre-filing investigation because so many of their legal theories run counter to applicable precedent.

B.    *The Sanctions Imposed Should Deter Similar Conduct*

Once a violation of Rule 11 has been established, it is within the court's broad discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); see Fed. R. Civ. P. 11 advisory comm. Note 1983 amendments); *Fries*, 146 F.3d at 458.  When exercising this discretion, a court may consider the following factors:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the

> financial resources of the responsible person, is needed to deter
> that person from repetition in the same case; what amount is
> needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 advisory comm. note (1993 amendments).

In the instant case, Meier's clear violations of Rule 11 warrant multiple sanctions. First, plaintiff undeniably advanced his false allegations and his flawed legal theory knowingly and willfully. *See LaRue*, 959 F. Supp. at 963 (finding that "a willful violation of Rule 11 certainly warrants a stern sanction.")

Second, Meier's false allegations are so pervasive that they "infect the entire pleading." There are no "isolated incidents" of falsity in plaintiff's complaint, nor is there a shining example of clear legal grounds for relief. Rather, plaintiff's complaint consists of erroneous legal reasoning not grounded in the facts of the case.

Third, in light of the extreme nature of plaintiff's allegations, which include RICO, antitrust, and class action allegations, it seems clear that plaintiff intended for his prevarications to injure Musburger.

Fourth, Meier's complaint has imposed costs on Musburger, in terms of his reputation, his business, and his need for counsel to defend him against Meier's claims. Given the frivolous nature of Meier's complaint, it is an abuse of the judicial system that Musburger has incurred any expense at all.

In light of the severity of Meier's Rule 11 violations, Musburger respectfully requests appropriate sanctions which, in this case, includes both dismissal of Meier's complaint and an award of monetary sanctions against Meier and his attorney in an amount equal to the fees and costs that Musburger has incurred as a result of the complaint. Fed. R. Civ. P. 11 advisory comm. notes (1993 amendments) (noting that sanctions should represent the expenses and

attorneys' fees for the services directly and unavoidably caused by the Rule 11 violation); *see Halim v. The Great Gatsby's Auction Gallery, Inc.*, No. 03 C 8414, 2007 U.S. Dist. LEXIS 21891, at \*9 (N.D. Ill. March 12, 2007) (finding that "the purpose of Rule 11 sanctions is deterrence—a goal that may be met by imposing upon the sanctioned party the reasonable attorneys' fees and expenses that his opponent had to bear as a direct result of the filling of the sanctionable motion").

Moreover, in deciding on appropriate sanctions for Meier's Rule 11 violations, this Court is not restricted to imposing monetary sanctions. *See U.S. Bank National Association v. Sullivan-Moore*, 406 F.3d 465, 472 (7th Cir. 2005) (noting that "the district court has wide latitude to determine what sanctions should be imposed for a Rule 11 violation, and may impose non-monetary sanctions when appropriate to deter repetition of the offending conduct"). Indeed, Rule 11 "specifically notes that a sanction may be non-monetary as well as monetary." *Fries*, 146 F.3d at 459, n.6; *see Jimenez*, 321 F.3d at 657 (noting that dismissal of a frivolous complaint was an appropriate sanction so long as it satisfies the deterrence function of the rule). Accordingly, in addition to any monetary sanctions this Court deems appropriate, Musburger requests that this Court also dismiss Meier's complaint with prejudice.

## **CONCLUSION**

For all the foregoing reasons, Defendants, Todd Musburger, Todd W. Musburger, Ltd., and Brian Musburger respectfully request that the Court enter an Order (a) dismissing Plaintiff's complaint with prejudice; (b) requiring Plaintiff and his attorney-of-record to pay Defendants their costs, expenses and attorneys' fees incurred in defending themselves against Meier's frivolous complaint, including those related to this motion and to the Motion to Dismiss; and (c) for any further relief this Court deems appropriate.

18

Dated: March 21, 2008

Respectfully submitted

Defendants Todd Musburger, Todd W. Musburger, Ltd., and Brian Musburger

By:____/s/ Carlin R. Metzger_____
One of Its Attorneys

Richard T. Greenberg (ARDC No. 1047825)
Carlin R. Metzger (ARDC No. 6275516)
Susan E. Groh (ARDC No. 6289629)
McGuireWoods LLP
77 West Wacker Drive
Suite 4400
Chicago, IL  60601-1681
Phone:  312.849.8100
Attorney No. 40426

19