# EXHIBIT I

50606

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| LAW OFFICES OF TODD W. MUSBURGER, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) Case No. 04 L 003760 ) Calendar Y |
| GARRY MEIER, | ) ) |
| Defendant/Counter-Plaintiff. | ) ) |
| GARRY MEIER, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| BRIAN MUSBURGER, | ) ) |
| Third-Party Defendant. | ) |

**DEFENDANT GARRY MEIER'S
THIRD PARTY COMPLAINT
AGAINST BRIAN MUSBURGER**

Now comes Defendant/Counter Plaintiff, GARRY MEIER, by and through his attorneys, DICKER & DICKER, and THE LAW OFFICES OF JAMES A. SMITH, and for his Third Party Complaint against BRIAN MUSBURGER, states as follows:

1. GARRY MEIER ("MEIER") is an on-air radio personality who most recently co-hosted an afternoon radio program known as the "Roe and Garry" show with Roe Conn ("Conn") on WLS-AM radio ("WLS") in Chicago, Illinois. MEIER last hosted the Roe and Garry show on January 9, 2004. MEIER has had a long and successful and award winning radio career in the Chicagoland area.

EXHIBIT B

2. TODD W. MUSBURGER, LTD. ("MUSBURGER, LTD."). is an Illinois professional corporation organized for the purpose of the practice of law. It has done business as LAW OFFICES OF TODD W. MUSBURGER, LTD. MUSBURGER, LTD.. holds itself out, to the public and MEIER as a law firm that focuses on representing persons engaged in the entertainment industry, and in negotiating and drafting personal services contracts for such individuals.

3. Todd W. Musburger ("Todd") is and was, at all relevant times, an attorney licensed to practice law in the State of Illinois, and was, at all relevant times, the principal of MUSBURGER, LTD.

4. Brian Musburger ("Brian") is the son of Todd Musburger, and, at all relevant times herein, affiliated and associated himself with Todd Musburger in the representation of Todd Musburger's clients.

5. Brian is not, and has never been, an attorney licensed to practice law in the State of Illinois or any other jurisdiction.

6. In or about January 1998, while employed as an on-air radio personality at WLS-AM radio in Chicago, MEIER retained Todd's services as MEIER's attorney in connection with negotiating a renewal of MEIER's agreement with WLS. MEIER's agreement with WLS was to expire on February 18, 1999.

7. The terms and conditions of MEIER's retention of Todd were set forth in a certain letter agreement dated February 6, 1998 (the "1998 Musburger Agreement"), a true and exact copy of which is attached hereto as Exhibit A.

8. Under the 1998 Musburger Agreement, Musburger agreed to serve as MEIER's exclusive legal representative for the negotiating and drafting of MEIER's agreements in the entertainment fields of radio and television, in exchange for a fee of five percent (5%) of the gross

amount of any compensation payable to MEIER under each such agreement.

9. In or about February 1999, MEIER entered into an agreement (the "1999 WLS Agreement") covering his services with WLS for the period from February, 1999 through February, 2004. Todd represented MEIER in the negotiation of the 1999 WLS Agreement.

10. In or about January 2003, TODD W. MUSBURGER, LTD. began work on MEIER's anticipated contract negotiations with WLS for a follow-on or renewal contract to the 1999 WLS Agreement, which was set to expire February 18, 2004.

11. On September 22, 2003, MEIER discharged Todd and his office as his attorney.

12. At no time prior to September 22. 2003 had Todd or his office presented to MEIER any offer of employment from WLS or any other radio station on terms acceptable to MEIER.

13. On January 23, 2004, MUSBURGER sent to MEIER a letter enclosing a copy of a Statement demanding payment for legal services supposedly rendered by MUSBURGER to MEIER in attempting to negotiate a renewal of the 1999 WLS Agreement. True and exact copies of the letter and statement are attached hereto as Exhibits B and C, respectively.

14. The Statement, which was on the letterhead of the Law Offices of Todd W. Musburger, Ltd., provided in relevant part, as follows:

"FOR PROFESSIONAL SERVICES

"Period ending September 22, 2003:

| | |
|---|---|
| 170 hours @ $475.00 per hour | $80,750.00 |
| 40 hours @ $300.00 per hour | $12,000.00 |
| BALANCE DUE: | $92,750.00 |

15. Neither the Statement nor the accompanying letter disclosed that the line reading "40 hours @ $300.00 per hour   $12,000.00" related exclusively to services allegedly performed for

MEIER by Brian.

16. At no point prior to the commencement of this litigation did MUSBURGER disclose to MEIER that the line reading "40 hours @ $300.00 per hour - $12,000.00" relates solely and exclusively to services allegedly performed for MEIER by Brian, and MEIER did not learn of this fact until the depositions of Todd and Brian were taken in this litigation.

17. The 1998 Musburger Agreement did not call for the provision of services by Brian or for the payment of same by MEIER.

18. The 1998 Musburger Agreement was a personal services contract calling for the performance by Todd of all services contemplated therein.

19. MEIER never entered into any separate agreement with either MUSBURGER or with Brian calling for the payment by MEIER of fees for work which Brian Musburger might perform for him, as an associate or affiliate of MUSBURGER or otherwise.

20. On one occasion, when MEIER noted the presence of Brian at a meeting and asked Todd what Brian was doing, there, Todd responded that Brian was just there to "learn the business."

21. At no time did Brian perform substantial services for MEIER, and he did not actively participate in any negotiations between MUSBURGER and WLS or any other third party in connection with matters concerning MEIER.

22. At all relevant times, MUSBURGER, LTD. and Todd owed MEIER all of the fiduciary duties stemming from the nature of the attorney-client relationship.

23. The fiduciary duties which MUSBURGER, LTD. and Todd owed MEIER included, among other things, compliance by MUSBURGER, LTD. and Todd to the following provisions of the Illinois Supreme Court's Rules for Professional Responsibility governing the conduct of attorneys:

Rule 1.5    Fees

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

* * * *

Rule 5.4    Professional Independence of a Lawyer

(a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

> (1) an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;
>
> (2) a lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer or may make payments in accordance with Rule 1.17; and
>
> (3) a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

(b) A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law.

24. In asserting a separate and distinct claim against MEIER for the value of the services supposedly rendered by Brian Musburger, MUSBURGER, LTD. and Todd violated their fiduciary duties to MEIER in one or more of the following respects:

a. There was never any understanding or agreement between the parties that Brian's services, if any, were to be compensated separately for any services rendered or to be rendered by him to MEIER;

b. Because Brian was not, at any relevant time, an attorney, the assertion of a separate claim for fees on his behalf was an exercise in fee-splitting between a lawyer (Todd Musburger) and a non-lawyer (Brian Musburger), which is expressly prohibited by Rule 5.4;

c. Todd never, at any time, disclosed to MEIER that it was his intent to bill MEIER separately for the services, if any, performed by Brian, a non-attorney, or to split with Brian, a non-attorney, any fees he might receive in connection with his representation of MEIER;

d. The Statement was drafted and presented in such a way as to conceal, rather than disclose, the fact that the claim made therein for "40 hours @ $300.00 per hour $12,000.00" relates exclusively to services allegedly performed for MEIER by Brian, a non-attorney with whom MEIER had no separate contractual relationship;

e. To the extent that the Statement was intended to be a claim by Todd for the reasonable value of his services as an attorney in light of his discharge by MEIER, pursuant to the rule set forth in *Rhoades v. Norfolk & Western Railway Co.*, 78 Ill.2d 217, 399 N.E.2d 969 (1979), that rule did not extend to Brian Musburger, a non-attorney;

f. To the extent that the Statement was intended to be a claim by Brian for the reasonable value of his services (a claim not enunciated the Statement), Brian Musburger had no reasonable expectation of being paid for his services separate and apart from any fee agreement between MEIER and Todd.

g. Brian's services were not, under any circumstances, worth $300.00 per hour.

25. The claim for Brian's services which was worked (without clear enunciation or attribution) into the Statement was, in fact, nothing more than an effort to obtain money to which neither MUSBURGER, nor Todd, nor Brian was entitled, in breach of Todd's fiduciary duties and

through false and fraudulent pretenses.

26. Upon information and belief, Brian aided and abetted the attempt of MUSBURGER and Todd to obtain money from MEIER, through false and fraudulent pretenses and in breach of Todd's fiduciary duties, in one or more of the following respects:

   a. Provided Todd with records of his time and activities regarding MEIER, knowing that Todd intended to utilize such records to make a claim for monies allegedly owned by MEIER to Brian that was false, fraudulent, in violation by Todd of his fiduciary duties to MEIER, and without any basis;

   b. Assisted Todd in the preparation of the Statement; and

   c. Approved the Statement, in the misleading and deceptive form it was sent by MUSBURGER to MEIER, knowing that the claim for "40 hours @ $300.00 per hour $12,000.00" related exclusively to services allegedly performed for MEIER by Brian, but that this was not disclosed in the Statement.

27. By engaging in the conduct described in Paragraph 25, Brian knowingly and substantially assisted in Todd's wrongful effort to to obtain money from MEIER, through false and fraudulent pretenses and in breach of Todd's fiduciary duties

28. MEIER has not paid any portion of the claim for fees made by MUSBURGER, LTD. and Todd W. Musburger in the Statement, including the portion relating to Brian Musburger. MUSBURGER and Todd W. Musburger, have, however committed an additional and continuing violation of their fiduciary obligations by including and incorporating that meritless and improper claim into the overall claim they are making in this litigation for *quantum merit*.

29. Because MUSBURGER and Todd W. Musburger, have continued to breach their fiduciary duties by asserting, in this litigation, the claim for services rendered by Brian as part of their overall claim, MEIER has sustained actual damages in that he has been forced to retain counsel to defend himself against that aspect of the claim, and to conduct discovery and other activities relating thereto.

30. MUSBURGER, LTD., Todd and Brian have combined to assert the claim against MEIER for $12,000.00 in billing for Brian's services with full knowledge and awareness that the billing in question was excessive, unethical, and un-agreed to and was wantonly, maliciously and in knowing violation of Todd' fiduciary obligations under Rules 1.5 and 5.4, and his conduct in this regard fully justifies an award of punitive damages.

WHEREFORE, Third Party Plaintiff GARRY MEIER respectfully prays that this Honorable Court enter judgment in his favor, and against Third Party Defendant BRIAN MUSBURGER,

a. For actual damages, in an amount to be proven by the evidence at trial, and

b. For an award of punitive damages, in an amount sufficient to punish and deter this and other defendants from engaging in similar conduct in the future.

**A TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

GARRY MEIER,

By: *[signature]*
One of His Attorneys

Steven M. Dicker
DICKER & DICKER
300 W. Adams Street, Suite 330
Chicago, IL 60606
Phone: 312/853-3485
Fax:   312/853-3489
Cook County ID No. 52742

James A. Smith
LAW OFFICES OF JAMES A. SMITH
300 W. Adams Street, Suite 330
Chicago, IL 60606
Phone: 312/372-4952
Fax:   312/372-0609
Cook County ID No. 50606

Attorneys for Third Party Plaintiff GARRY MEIER

**VERIFICATION**

STATE OF ILLINOIS )
) SS.
COUNTY OF _Cook_ )

_Garry Meier_, being first duly sworn on oath, deposes and states that he/she is the Defendant/Counter-Plaintiff in the above-captioned matter; that he/she has read the foregoing Defendant/Counter-Plaintiff GARRY E. MEIER's Third Party Complaint against Brian Musburger, that he is familiar with the facts pleaded in said Third Party Complaint, and that the facts pleaded therein are true, correct and complete, except where alleged on information and belief, in which case they are true, correct and complete to the best of his/her knowledge and belief.

_/s/ Garry Meier_

SWORN TO and SUBSCRIBED to before me
me this _27th_ day of _October_, 2006.

_/s/ Richardson_
Notary Public

"OFFICIAL SEAL"
Concheita Richardson
Notary Public, State of Illinois
My Commission Exp. 02/23/2008

-9-