UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

```
GARRY MEIER,                          )
                                      )
            Plaintiff,                )
                                      )
       v.                             )    Case No. 08 C 0216
                                      )
TODD W. MUSBURGER, individually,      )    Hon. Samuel Der-Yeghiayan
and d/b/a as a non-existent           )    U.S. District Judge
entity known as "Law Offices of       )
of Todd W. Musburger, Ltd.",          )    Hon. Jeffrey Cole
TODD W. MUSBURGER, LTD., an           )    U.S. Magistrate
Illinois Corporation, and             )
BRIAN MUSBURGER,                      )    TRIAL BY JURY DEMANDED
                                      )
            Defendants.               )
```

JOINT INITIAL STATUS REPORT

Plaintiff, Garry Meier ("Meier") and Defendants, Todd Musburger, Brian Musburger, and Todd W. Musburger, Ltd. (collectively "Musburger"), by their respective counsel, submit this Initial Joint Status Report:

1) <u>Nature of claims and counterclaims</u>:

Plaintiff's Complaint against the Defendants seeks to recover damages, equitable, and other relief under the Racketeer Influenced and Corrupt Organizations Act ["RICO"] - 18 U.S.C. § 1961 et. seq., and Illinois statutory and common law actions for Legal Malpractice (Breach of Fiduciary Duty - Disobedience of Client Directives, Disobedience of Client Directives, Failure to Disclose New Offer, Public Disclosure of Private Facts, Conflict of Interest and Self-Dealing), Fraud, Restitution - Return of Commissions Illegally Collected in Violation of the Private Employment Agency Act, Fraud and Deceit, Declaratory Judgment, Violations of Illinois Attorneys Act, Rescission, Consumer Fraud and Deceptive Business Practice Act Claim, Illinois Antitrust Act Claim, Unjust Enrichment and Class Action.

No counterclaim is anticipated, but Defendant has filed a Motion for Sanctions against Plaintiff and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and is requesting an award of all costs, expenses and attorneys' fees incurred in responding to Plaintiff's Complaint.

2. Relief sought by plaintiff:

Restitution, general, compensatory and punitive and statutory treble damages, pre-judgment interest, attorney's fees and costs.

3. Names of parties not served:

All Defendants have responded to Plaintiff's requests for waiver of service.

4. Principal legal issues:

(1) Whether the court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine;

(2) Whether this action is barred by *res judicata*;

(3) Whether Plaintiff's Complaint states a claim for relief.

5. Principal factual issues:

It is the Defendants' position that there are no factual issues for the Court to address as they have filed a dispositive Motion to Dismiss and the parties have previously engaged in discovery in a prior state court action, The Law Offices of Todd W. Musburger, Ltd. v. Garry Meier, Cook County Case No. 2004 L 3760 (the "State Case").

6. List of pending motions and brief summary of bases for motions:

Defendants have filed a Motion to Dismiss pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure as well as a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Defendants' Motion to Dismiss raises three principal bases for dismissal:

(1) the court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine as Plaintiff's Federal Complaint is effectively an appeal of the State Case;

(2) if the court has subject matter jurisdiction, this action is barred by *res judicata* because Meier's identical claims against the same parties were adjudicated on their merits in the State Case; and

(3) Meier's RICO, Illinois Attorney's Act violation, antitrust, and class action claims fail to state a claim. Defendants' Motion for Sanctions is based on Meier's filing and maintenance, after a written request that he withdraw of this action Defendants maintain are barred by the *Rooker Feldman* doctrine and *res judicata*, and which, in Defendants' view, includes allegations of racketeering, fraud and antitrust in an attempt to tarnish the image of Musburger.

7)  <u>Description of discovery requested and exchanged:</u>

No discovery has yet been exchanged and it is Defendants' position that no discovery is necessary because a dispositive Motion to Dismiss is pending and the parties engaged in discovery and a jury trial relating to the same issues in the State Case.

8.  <u>Type of discovery needed:</u>

It is Defendants' position that no discovery is necessary because a dispositive Motion to Dismiss is pending and the parties engaged in discovery and a jury trial relating to the same issues in the State Case.

9.  <u>Proposed dates for: Rule 26(a)(1) disclosures, fact disco completion, expert-discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order</u>:

It is Defendants' position that no discovery is necessary

3

because a dispositive Motion to Dismiss is pending and the parties engaged in discovery and a jury trial relating to the same issues in the State Case. If the Court is inclined to set deadlines despite the pending dispositive motion, the parties propose that:

    A.   Fed. R. Civ. P. 26(a)(1) material will be exchanged by April 30, 2008.

    B.   The time for the parties to amend pleadings and add counts or parties be set for June 30, 2008.

    C.   Fact discovery cut-off be set for December 15, 2008.

    D.   The report from retained expert for the Plaintiff under Rule 26(a)(2) be due on February 15, 2009.

    E.   The deposition of Plaintiff's expert be completed by March 15, 2009.

    F.   The report from retained expert for Defendants under Rule 26(a)(2) be due on April 30, 2009.

    G.   The deposition of Defendant's expert be completed by July 30, 2009.

    H.   That the discovery cut-off date for all discovery be August 30, 2009 and supplementations under Rule 26(e) be set by the court or at the request or pursuant to the agreement of the parties.

    J.   That dispositive motions be due sixty (60) days after the fact discovery cut-off date (October 30, 2009) unless otherwise ordered by the court.

    K.   That the due date for filing a final pre-trial order be due sixty (60) days after the Court makes its ruling(s) on the parties dispositive motions.

    10.  <u>Estimation of when the case will be ready for trial</u>:
    Approximately eighteen months.
    11.  <u>Probable length of trial</u>:

4

Plaintiff believes one to two weeks.

12. <u>Whether a request has been made for a jury trial</u>:

Plaintiff has and Defendants demand trial by jury.

13. <u>Whether there have been settlement discussions and if so the outcome of those discussions</u>:

There have been no settlement discussions.

14. <u>Whether the parties consent to proceed before a Magistrate Judge</u>:

Plaintiff and Defendants are amenable to proceeding before a Magistrate Judge.

Jointly submitted,

Garry Meier, Plaintiff,


By s/Walter P. Maksym, Jr.
    Walter P. Maksym, Jr., his attorney


Todd W. Musburger, Todd W. Musburger, Ltd., and Brian Musburger, Defendants,


By s/ Carlin R. Metzger
    Carlin R. Metzger, their attorney


Walter P. Maksym, Jr.
Attorney for Plaintiff
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com

Richard T. Greenberg
Carlin R. Metzger
Susan E. Groh
McGuireWoods, LLP
Attorneys for Defendants
77 West Wacker, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 641-2725
e-mail: cmetzger@mcguirewoods.com