UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GARRY MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 0216 |
| | ) | |
| TODD W. MUSBURGER, individually, | ) | Hon. Samuel Der-Yeghiayan |
| and d/b/a as a non-existent | ) | U.S. District Judge |
| entity known as "Law Offices of | ) | |
| of Todd W. Musburger, Ltd.", | ) | Hon. Jeffrey Cole |
| TODD W. MUSBURGER, LTD., an | ) | U.S. Magistrate |
| Illinois Corporation, and | ) | |
| BRIAN MUSBURGER, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## MOTION TO ENLARGE TIME

NOW COMES the Plaintiff, GARRY MEIER and moves that the time for filing his Response to Defendants' Motion to Dismiss be enlarged stating as follows:

1. That this court set June 9, 2008 as the date for Plaintiff to file his response to Defendants pending Motion to Dismiss ("Defendants' Motion").

2. That Plaintiff and their counsel are in need of additional time to prepare, complete and file his response to said motion by of the following circumstances outside their control.

3. That Defendants' Motion is predicated upon what it maintains is the preclusive effect of prior litigation entitled <u>The Law Offices of Todd W. Musburger, Ltd. v. Garr Meier</u>, Cook County Case No. 04 L 3760 (the "State Litigation"), now pending on appeal before the Illinois Appellate Court, First District (the "State Appellate Court"), Appeal Nos. 07-3080 & 08-____ (the "State Appeals").

4. That in order to be able to prepare and file a proper response to Defendant' Motion and exercise due diligence,

Plaintiff and his counsel, who was not trial counsel in the State Litigation, therefore have need to review the entire State Litigation Record.

    5. That Patricia O'Brien the Chief Deputy Clerk of the Clerk of Circuit Court of Cook County's Civil Appeals Division (the "Chief Deputy Clerk"), advised Plaintiff's undersigned counsel that the State Litigation case file was "missing" since October of 2007 and that a diligent search was ongoing by her office to locate it.

    6. That as a result of the State Litigation case having been missing due to no fault of Plaintiff or his counsel, and circumstances beyond their control, the Circuit Clerk's Office having been unable to time prepare the record on appeal in connection with the State Appeals, he moved for and been granted has been granted three extension of time by the State Appellate Court within which to file the appellate record and Plaintiff's Appellant's Brief. The State Appellate Court's last order also provided; "That, because the case file cannot be found by the Circuit Clerk's Office, a briefing schedule shall be set after the record is prepared by the Circuit Clerk and the record is filed."

    7. That on June 6, 2008 Plaintiff's counsel was advised by Shenita Brower the Circuit Clerk's Office, on behalf of the Chief Deputy Clerk, that the State Litigation case file, comprised of several banker-boxes, had finally been located at the Circuit Court's Warehouse, where it had been misplaced, and that the Circuit Clerk's Office could finally begin preparation of the record during the week of June 9, 2008 for transmission to and filing with the State Appellate Court.

    8. That thereafter, the "Chief Deputy Clerk" advised Plaintiff's undersigned counsel that, though her office had initially thought that the two banker boxes it had found

comprised the complete State Litigation case file, a careful review of said two recover banker boxes revealed that a substantial portion of the case file, being the early part of the State Litigation case file from 2004 through 2005, was still missing and that the diligent search would continue by her office in an effort to locate that portion of the case file.

 9. That the "Chief Deputy Clerk" further advised Plaintiff's undersigned counsel that her office would proceed to prepare an "incomplete" record in connection with the State Appeals, and, that with respect to said still missing early part of the State Litigation case file, the incomplete record might be later supplemented if and when such material were found, and, if not found, that portion of the record would need to be reconstructed, if possible, pursuant to stipulation or motion.

 10. That because the incomplete State Litigation case file is currently being organinized and complied by Circuit Clerk's Office in order to prepare an "incomplete record" for transmittal for filing to the State Appellate Court it remains unavailable for use by Plaintiff and his counsel.

 11. That as of the filing date of this Motion, it is anticipated that the "incomplete record" will not be available for review and use in connection with this matter and said State Appeals until it can be withdrawn frim the State Appellate Court upon presentation of a Cetificate in Lieu of the record, presumably, approximately a week of the filing of this Motion.

 12. That by reason of the foregoing, good cause exists to grant a reasonable extension of time to file Plaintiff's Response.

 13. That this is Plaintiff's first motion to extend time and is is file by the Response due date and is made in good faith for purposes of necessity only and not for purposes of delay.

 14. That filed herewith is Plaintiff's Memoranda in Support

of Motion to Enlarge Time

WHEREFORE, Garry Meier, Plaintiff, and his counsel respectfully pray that this Court enter an order granting this Motion, and providing a reasonable and sufficient extension and enlargement of time within which to obtain and review said incomplete record, supplement and/or reconstruct the still missing early part of the State Litigation case file, complete and file his Response to Defendants' Motion to Dismiss and that the briefing schedule herein be revised accordingly as this Court may deem just and appropriate under the circumstances and for such other further relief as this Court may deem fair and just and proper in the premises.

        Garry Meier, Plaintiff,


        By /s/ Walter P. Maksym, Jr.
         Walter P. Maksym, Jr., his attorney


## ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

       /s/  Walter P. Maksym, Jr.
       Walter P. Maksym, Jr., Plaintiff's Attorney


Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com