```
                  UNITED STATES DISTRICT COURT FOR THE
               NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GARRY MEIER,                         )
                                     )
              Plaintiff,             )
                                     )
         v.                          )    Case No. 08 C 0216
                                     )
TODD W. MUSBURGER, individually,)         Hon. Samuel Der-Yeghiayan
and d/b/a as a non-existent          )    U.S. District Judge
entity known as "Law Offices of )
of Todd W. Musburger, Ltd.",         )    Hon. Jeffrey Cole
TODD W. MUSBURGER, LTD., an          )    U.S. Magistrate
Illinois Corporation, and            )
BRIAN MUSBURGER,                     )    TRIAL BY JURY DEMANDED
                                     )
              Defendants.            )
```

### MEMORANDA IN SUPPORT
### OF MOTION TO ENLARGE TIME

NOW COMES the Plaintiff, GARRY MEIER submits the following in support of his Motion to Enlarge Time for filing his Response to Defendants' Motion to Dismiss:

### FACTS

1. That this court set June 9, 2008 as the date for Plaintiff to file his response to Defendants pending Motion to Dismiss ("Defendants' Motion").

2. That Plaintiff and their counsel are in need of additional time to prepare, complete and file his response to said motion by of the following circumstances outside their control.

3. That Defendants' Motion is predicated upon what it maintains is the preclusive effect of prior litigation entitled <u>The Law Offices of Todd W. Musburger, Ltd. v. Garr Meier</u>, Cook County Case No. 04 L 3760 (the "State Litigation"), now pending on appeal before the Illinois Appellate Court, First District (the "State Appellate Court"), Appeal Nos. 07-3080 & 08-____ (the "State Appeals").

4. That Patricia O'Brien, the Chief Deputy Clerk of the Clerk of Circuit Court of Cook County's Civil Appeals Division (the "Chief Deputy Clerk"), advised Plaintiff's undersigned counsel that the State Litigation case file was "missing" since October of 2007 and that a diligent search was ongoing by her office to locate it.

5. That as a result of the State Litigation case having been missing due to no fault of Plaintiff or his counsel, and circumstances beyond their control, the Circuit Clerk's Office having been unable to time prepare the record on appeal in connection with the State Appeals, he moved for and been granted has been granted three extension of time by the State Appellate Court within which to file the appellate record and Plaintiff's Appellant's Brief. The State Appellate Court's last order ("the State Appellate Court Order") also provided; "That, because the case file cannot be found by the Circuit Clerk's Office, a briefing schedule shall be set after the record is prepared by the Circuit Clerk and the record is filed." (See true copy of the State Appellate Court Order attached hereto as Exhibit "A")

6. That on June 6, 2008 Plaintiff's counsel was advised by Shenita Brower the Circuit Clerk's Office, on behalf of the Chief Deputy Clerk, that the State Litigation case file, comprised of several banker-boxes, had finally been located at the Circuit Court's Warehouse, where it had been misplaced, and that the Circuit Clerk's Office could finally begin preparation of the record during the week of June 9, 2008 for transmission to and filing with the State Appellate Court.

7. That thereafter, the "Chief Deputy Clerk" advised Plaintiff's undersigned counsel that, though her office had initially thought that the two banker boxes it had found comprised the complete State Litigation case file, a careful review of said two recover banker boxes revealed that a

substantial portion of the case file, being the early part of the State Litigation case file from 2004 through 2005, was still missing and that the diligent search would continue by her office in an effort to locate that portion of the case file.

8. That the "Chief Deputy Clerk" further advised Plaintiff's undersigned counsel that her office would proceed to prepare an "incomplete" record in connection with the State Appeals, and, that with respect to said still missing early part of the State Litigation case file, the incomplete record might be later supplemented if and when such material were found, and, if not found, that portion of the record would need to be reconstructed, if possible, pursuant to stipulation or motion.

9. That because the incomplete State Litigation case file is currently being organinized and complied by Circuit Clerk's Office in order to prepare an "incomplete record" for transmittal for filing to the State Appellate Court it remains unavailable for use by Plaintiff and his counsel in connection therewith or with respect to the instant case.

10. That as of the filing date of this Motion, based on conversations with the Chief Deputy Clerk, it is anticipated that the "incomplete record" will not be available for review and use in connection with this matter and said State Appeals until it can be withdrawn frim the State Appellate Court upon presentation of a Cetificate in Lieu of the record, presumably, up to approximately a week of the filing of this Motion.

ARGUMENT

11. That in order to be able to prepare and file a proper response to Defendant' Motion to Dismiss (see Defendant's Motion to Dismiss previously file herein) and exercise due diligence, Plaintiff and his counsel, who was not trial counsel in the State Litigation, therefore have need to review the entire State Litigation Record.

12. That under Illinois Supreme Court Rule 303(a) it is the duty of Appellant only to request preparation of the record and make the required deposit as he did. The Circuit Court Clerk is responsible to do under Illinois Supreme Court Rule that provides in pertinent part:

> Rule 324. Preparation and Certification by the Circuit Clerk of the Record on Appeal
>
> The clerk of the trial court shall prepare, bind, and certify the record on appeal. … The certificate shall be in the form prescribed below, and a copy shall be delivered to appellant at the time the record is forwarded to the reviewing court.
>
> \* \* \*
>
> Commentary (December 17, 1993)
>
> This rule is amended to explain more specifically the manner in which the record on appeal shall be prepared. The circuit clerk now is required to provide the reviewing court with an inventory of exhibits…. (Emphasis supplied)

13. That under Illinois Supreme Court Rule 324 it is the duty of the Circuit Clerk (not Appellant or his counsel) to gather, prepare and bind the record on appeal. In this connection, it is well known common knowledge that, "the preparation of the record is usually the greatest cause of delay of an appeal." Fegan, <u>Illinois Appellate Prac. Manual</u> § 10:41 (2007). Accordingly, "[n]o limit is placed on the number of times a litigant can seek and be granted further extensions of time by the reviewing court." <u>Oggi Tratorria America, Ltd. v. Isuzu Motors America, Inc.</u>, 372 Ill. App. 3d 354 (1st Dist. 2007).

14. That Plaintiff requests that this Court take judicial notice of said attached State Appellate Court Order because Fed. R. of Evid. 201 authorizes judicial notice to be taken of an adjudicative fact if that fact is "not subject to reasonable

dispute." Fed. R. Evid. 201(b). "Judicial notice may be taken at any stage of the proceeding," Fed. R. Evid. 201(f), as long as it is not unfair to a party to do so and does not undermine the trial court's fact-finding authority. Wright & Graham, 21 <u>Federal Practice and Procedure</u>, § 5110, at 525 (1977); cf. <u>Zell v. Jacoby-Bender, Inc</u>., 542 F.2d 34, 38 (7th Cir. 1976).

15. That without full and complete access to the State Litigation court case file Plaintiff will be at a disadvantage in responding to Defendants' pending Motion to Dismiss that rasies the effect of that record as grounds for dismissal.

16. That though the circumstances that give rise to this Motion are unusual, by analogy, Fed. R. App. P. 4(a)(6) provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failures of a court clerk.

17. That by reason of the foregoing, good cause exists to grant a reasonable extension of time to file Plaintiff's Response because it is in the interests of justice to resolve disputes on the merits after full disclosure and the grant of this Motion will work substantial justice and fairness between the parties without imposing an undue hardship or prejudice upon Plaintiff.

18. That this is Plaintiff's first motion to extend time and is is file by the Response due date and is made in good faith for purposes of necessity only and not for purposes of delay.

<u>CONCLUSION</u>

Based on the foregoing, Garry Meier, Plaintiff, and his counsel respectfully pray that this Court enter an order granting his Motion to Enlarge Time, provide a reasonable and sufficient extension and enlargement of time within which to obtain and review said incomplete record, supplement and/or reconstruct the still missing early part of the State Litigation

5

case file, complete and file his Response to Defendants' Motion to Dismiss and that the briefing schedule herein be revised accordingly as this Court may deem just and appropriate under the circumstances and for such other further relief as this Court may deem fair and just and proper in the premises.

                Garry Meier, Plaintiff,

                By /s/ Walter P. Maksym, Jr.
                  Walter P. Maksym, Jr., his attorney

## ATTORNEY'S RULE 11 CERTIFICATION

    The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

                /s/  Walter P. Maksym, Jr.
                Walter P. Maksym, Jr., Plaintiff's Attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com

# EXHIBIT "A"


ORIGINAL

APPEAL NO. 07-3080

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

LAW OFFICES OF TODD W. MUSBURGER, LTD.,

PLAINTIFF - APPELLEE,

V.

GARRY MEIER,

DEFENDANT - APPELLANT.

APPEAL FROM THE CIRCUIT COURT OF COOK COUNTY - LAW DIVISION
CASE NO. 04 L 3760 – HON. RONALD F. BARTKOWICZ, JUDGE PRESIDING

ORDER

This cause coming on to be heard on Appellant's Motion to Extend Time to File the Record, due notice having been given, and with the court being fully advised in the premises,

IT IS ORDERED:

That Appellant's Motion to Extend Time to File the Record be and is hereby ALLOWED/~~DENIED~~ and the time for filing the Record is extended to June /3, 2008. That, because the case file cannot be found by the Circuit Clerk, a briefing schedule shall be set after the record is prepared by the Circuit Clerk and the record is filed.

**ORDER ENTERED**

MAY 1 5 2008

**APPELLATE COURT, FIRST DISTRICT**

ENTER _____
                Justice

_____
         Justice

_____
         Justice

Walter P. Maksym
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 55061