UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GARRY MEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 0216 |
| ) | |
| TODD W. MUSBURGER, individually,) | Hon. Jeffrey Cole |
| and d/b/a as a non-existent ) | U.S. Magistrate Judge |
| entity known as "Law Offices of ) | |
| of Todd W. Musburger, Ltd.", ) | TRIAL BY JURY DEMANDED |
| TODD W. MUSBURGER, LTD., an ) | |
| Illinois Corporation, and ) | |
| BRIAN MUSBURGER, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF GARRY MEIER'S RESPONSE TO
"DEFENDANTS' MOTION TO DISMISS MEIER'S COMPLAINT"

NOW COMES the Plaintiff, GARRY MEIER and responding Defendants' Motion to Dismiss Meier's Complaint ("Defendants' Motion") stating as follows:

1. MEIER denies paragraph 1 of Defendants' Motion. By way of further response, this case concerns never MEIER'S before determined claims and does not seek to relitigate the "legal services" for which a non-existent entity, "The Law offices of Todd, W. Musburger, Ltd. ("TLOOTWML") obtained the judgment currently on appeal in the State Court. (See Exhibits to MEIER'S First Amended Complaint" [Musburger the individual was never a named individual plaintiff in <u>The Law Offices of Todd W. Musburger, Ltd. v. Garr Meier</u>, Cook County Case No. 04 L 3760 (the "State Litigation"] wherein said non-existent TLOOTWML claimed payment for attorney's fees from MEIER. The claims and issues asserted by Meier have not been previously decided by state court, have merit, and meet basic notice pleading requirements. By way of further response, none of MEIER'S claims brought in this case were ever adversely adjudicated or

adjudicated at all by the State Court in the ongoing and still non-final State Litigation, currently pending on appeal before the Illinois Appellate Court, First District (the "State Appellate Court"), Appeal Nos. 07-3080 & 08-08-0814 (the "State Appeals"), or any other court or tribunal. So, MEIER does not "allege the same injury issues, and claims here as he did in the previously adjudicated state case".

    2. MEIER denies paragraph 2 of Defendants' Motion. This Court does not "lack subject matter jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine". MEIER'S does not allege injury for his payment of MUSBURGER'S "attorneys fees", adjudicated by the State Judgment but rather for other damages never determined in the State Litigation. The State Litigation is not "prior" because it remains on appeal, undetermined. MUSBURGER'S entitlement to attorneys fees claimed by the non-existent Plaintiff in the State Litigation for a certain period of time and not a percentage of MEIER'S income for acting as an unlicensed employment agent or for damages claimed herein by MEIER but never determined or rule upon by jury in the State Litigation. Nowhere in his Complaint does MEIER'S "improperly asking this court to sit in appellate review of the previous State Court ruling." Moreover, Brian Musburger "BM" was never a licensed attorney, nor a plaintiff in the State Litigation. Thus, BM could never legally claim attorney's fees and did not sue for them in the State Litigation.

    3. MEIER denies paragraph 3 of Defendants' Motion. By way of further response, in addition to this Court having jurisdiction, this suit is not "barred by *res judicata.*" There was never a "final judgment on the merits in State Court based on the jury's verdict and numerous other rulings by the State Court" on any of MEIER'S claims, merely a non-final, appealed judgment on a single distinct claim of a non-existent entity

that would have is not and would have no standing to be a party before this Court, and since neither MUSBURGER, TWML nor BM were parties plaintiff to that proceeding. There is no "identity" of the cause of action with the State Case for MUSBURGER'S fees" and the current case does not "challenging the fees paid". "Todd W. Musburger, Ltd. ("TWML"), Todd W. Musburger ("MUSBURGER"), and Brian Musburger ("BM") are not "all in identity or in privity with the plaintiff from the State Case" since as the unrebutted exhibits to MEIER Complaint in this case, the name Plaintiff in the State Case never existed and was a non-entity. Defendants have not established all of the requirements for *res judicata*, and therefore, this suit is not barred.

4. MEIER denies paragraph 4 of Defendants' Motion. By way of further response, Meier has not failed to state a cause of action for any of his allegations including, RICO, Illinois Attorneys Act, Antitrust, and Class Action.

5. That *res judicata* and Rooker—Feldman are inapplicable to this case and Rooker-Feldman has been waived by Defendants raising *res judicata* and Rooker-Feldman and seeking to have this Court address and decide MEIER'S claims.

6. That this Court has, subsequent to the filing of Defendants Motion and accompanying Motion for Sanctions, has specifically deferred any and all consideration of Defendants' Motion for Sanction stating that their claims to fees and sanction would not be considered until after ruling on Defendants' Motion to Dismiss.

6. That base on the pendency of the two State Appeals of the Judgment on which Defendants rely, this matter should be stayed pursuant to the Seventh Circuit's holding in Rogers v. Desiderio, 58 F.3d 299 (7th Cir. 1995).

7. That filed herewith in support of this Response and in opposition to Defendants' Motion is Plaintiff Garry Meier's

3

Memoranda in Opposition to "Defendants' Motion to Dismiss Meier's Complaint".

   WHEREFORE, MEIER respectfully prays that Defendants' Motion be denied and that he be granted such other and further relief as may be just and proper in the premises as this Court may deem fair, just, and appropriate in the premises including the stay of this matter pending the final exhaustion and determination of the pending and yet unbriefed and undetermined State Appeals being prosecuted by MEIER.

                          GARRY MEIER, Plaintiff,

                          By /s/ Walter P. Maksym, Jr.
                             Walter P. Maksym, Jr., his attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com