IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GARRY MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 0216 |
| | ) | |
| TODD W. MUSBURGER, individually, | ) | Hon. Jeffrey Cole |
| and d/b/a as a non-existent | ) | U.S. Magistrate Judge |
| entity known as "Law Offices of | ) | |
| of Todd W. Musburger, Ltd.", | ) | TRIAL BY JURY DEMANDED |
| TODD W. MUSBURGER, LTD., an | ) | |
| Illinois Corporation, and | ) | |
| BRIAN MUSBURGER, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF GARRY MEIER'S MEMORANDUM
IN SUPPORT OF PLAINTIFF GARRY MEIER'S MOTION TO STAY

NOW COMES the Plaintiff, Garry Meier ("MEIER") and submits the following argument and authorities in support of his of his Motion to Stay:

1. That Defendants' pending Motion to Dismiss is predicated upon what they maintains is the preclusive effect of prior litigation entitled The Law Offices of Todd W. Musburger, Ltd. v. Garr Meier, Cook County Case No. 04 L 3760 (the "State Litigation"), now pending on appeal before the Illinois Appellate Court, First District (the "State Appellate Court"), Appeal Nos. 07-3080 and 08-0814 (the "State Appeals"). (See copies of Notices of Appeal [Exhibits A & B], Appellate Orders [Exhibits C & D], and Certificates in Lieu of the Records [Exhibits E & F] filed in the State Litigation and State Appeals).

2. That in Ballweg v. City of Springfield, 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986) the Supreme Court of Illinois held, "For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review

must have been exhausted." See also <u>Relph v. Board of Educ. of DePue Unit Sch. Dist. No. 103</u>, 84 Ill. 2d 436, 442 420 N.E.2d 147, 150 (1981)(holding that an appellate court's mandate to remand with instructions for further proceedings establishes the law of the case, but does not constitute a final judgment entitled to *res judicata* effect--partially because the trial court's further proceedings are subject to subsequent appeal, and partially because the appellate court's mandate is subject to review by the Illinois Supreme Court); and <u>People v. Condon</u>, 246 Ill.App.3d 74, 76, 185 Ill.Dec. 932, 615 N.E.2d 802 (2d Dist. 1993) (holding that judgment is not final for purposes of preclusion until the potential for appellate review has been exhausted).

3.    That in following <u>Ballweg</u> the Seventh Circuit held in <u>Rogers v. Decider</u>, 58 F.3d 299 (7th Cir. 1995):

> The preclusive effect of a state judgment in federal litigation depends on the rendering state's law, 28 U.S.C. Sec. 1738, and most states give decisions of the court of first instance preclusive effect whether or not the losing party has taken an appeal (as District 204 has done). Illinois is among these states, or so State Life Insurance Co. v. Board of Education, 401 Ill. 252, 257, 81 N.E.2d 877, 880 (1948), holds. See also Kurek v. Pleasure Driveway and Park District, 557 F.2d 580, 595 (7th Cir.1977) (concluding that Illinois follows the majority rule, which also is the rule for federal judgments); Rosemont v. Lentin Lumber Co., 144 Ill.App.3d 651, 667, 98 Ill.Dec. 470, 480, 494 N.E.2d 592, 602 (1st Dist.1986); Wiseman v. Law Research Service, Inc., 133 Ill.App.2d 790, 793, 270 N.E.2d 77, 80 (4th Dist.1971). Application of this rule would lead to affirmance of the district court's judgment, albeit on a new ground, or perhaps to a stay of proceedings here until the state's appellate court has finished its work. See 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure Sec. 4433 at 308-13 (1981). (A stay may avoid the need to reopen the federal judgment if the state's appellate court should reverse the state judgment.)

A decade ago the Supreme Court of Illinois announced that the filing of an appeal suspends the collateral estoppel (issue preclusion) effect of a judgment. Ballweg v. Springfield, 114 Ill.2d 107, 113, 102 Ill.Dec. 360, 362, 499 N.E.2d 1373, 1375 (1986). The court appears to have been unaware that it was contradicting long-settled law; it did not cite any of the cases that looked the other way. One could in principle limit Ballweg to issue preclusion; the effect of a judgment as a bar to other litigation depends on the issues omitted from the complaint, and these cannot be affected by an appeal. But two of the state's intermediate appellate courts have extended Ballweg from issue preclusion to claim preclusion. See Luckett v. Human Rights Commission, 210 Ill.App.3d 169, 175, 155 Ill.Dec. 6, 10, 569 N.E.2d 6, 10 (1st Dist.1989); Pelon v. Wall, 262 Ill.App.3d 131, 135, 199 Ill.Dec. 546, 549, 634 N.E.2d 385, 388 (2d Dist.1994). One of these appellate districts also has continued to apply State Life Insurance, producing an intra-court conflict. See Illinois Founders Insurance Co. v. Guidish, 248 Ill.App.3d 116, 120, 187 Ill.Dec. 845, 849, 618 N.E.2d 436, 440 (1st Dist.1993). Another district hews to the traditional approach. Shaw v. Citizens State Bank of Shipman, 185 Ill.App.3d 79, 81, 133 Ill.Dec. 266, 268, 540 N.E.2d 1132, 1134 (4th Dist.1989). Just as the judges who decided Ballweg, Luckett, and Pelon seemed unaware of cases such as State Life Insurance (and of comparable decisions in the great majority of other states), so the judges who decided Guidish and Shaw seemed unaware of Ballweg, Luckett, and Pelon. This is an unsatisfactory situation, even worse than the confusion described and deplored in Davis and Hagee concerning other aspects of the law of preclusion in Illinois.

To be blunt, we have no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment. *Under the circumstances, a stay rather than immediate decision is the prudent course. A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion.* Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-21, 96 S.Ct. 1236, 1246-48, 47 L.Ed.2d 483 (1976);

LaDuke v. Burlington Northern R.R., 879 F.2d 1556 (7th Cir.1989). See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16, 25-26, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983); Gonzalez v. Cruz, 926 F.2d 1 (1st Cir.1991); Interstate Material Corp. v. Chicago, 847 F.2d 1285 (7th Cir.1988); Telesco v. Telesco Fuel & Masons' Materials, Inc., 765 F.2d 356 (2d Cir.1985). Cf. Wilton v. Seven Falls Co., ___ U.S. ___, 115 S.Ct. 2137, 132 L.Ed.2d 214 (June 12, 1995) (discussing discretionary stays in declaratory judgment actions). A stay requires a good justification; here, although plaintiffs' state and federal suits got underway contemporaneously, the state suit pulled far ahead while the parties debated Younger in the district court. Plaintiffs themselves, by choosing to file two suits, supplied strong reason for a stay. *There is no excuse for trying to decide the merits immediately--but also no reason (yet) to dismiss the suit, because, if the state case should break down in a way that avoids the preclusive effect of the judgment, plaintiffs would be entitled to a decision on the merits from the federal court.*
     The judgment is vacated, and the case is remanded *with instructions to stay further proceedings pending decision by the state's appellate court, and then to proceed as appropriate in light of the final disposition of the state-court action.* (Emphasis supplied)

     4.  That after its decision in Rogers, the Seventh Circuit in Prymer v. Ogden, 29 F.3d 1208, 1213 n. 2 (7th Cir. 1994) cert. denied, ___ U.S. ___, 115 S.Ct. 665, 130 L.Ed.2d 599 (1994) discussed, but again declining to resolve, the conflict in authority and concluded, that it, "… must follow the rulings of the Illinois Supreme Court.", i.e., the Illinois Supreme Court's aforementioned categorical statements pronounced in Ballweg and Relph, *supra.* Accord Doctor's Associates, Inc. v. Bickel, 66 F.3d 438 (2nd Cir. 1995)(affirming a district court's holding that an Illinois courts' judgments were still subject to appeal, and thus under Illinois law were not entitled to preclusive effect).

5.   That in the instant case, as in <u>Rogers</u> there is likewise "… no excuse for trying to decide the merits immediately--but also no reason (yet) to dismiss the suit, because, if the state case should break down in a way that avoids the preclusive effect of the judgment, plaintiffs would be entitled to a decision on the merits from the federal court." <u>Rogers</u> *supra*.

6.   That based on the pendency of the two above-referenced, undetermined and pending State Appeals of the non-final Illinois Judgment rendered in the State Litigation, on which Defendants rely, this Court should follow the same prudent and sensible course in the matter at bar proscribed in <u>Rogers</u> by the Seventh Circuit wherein it in vacated the District Court's judgment and remanded the case with instructions to stay further proceedings pending decision by the state's appellate court, and then to proceed as appropriate in light of the final disposition of the state-court action.

<u>CONCLUSION</u>

Based on the forgoing argument and authorities, this Court should follow the prudent and sensible course proscribed by the Seventh Circuit in Rogers, by entering an order staying these proceeding stay further proceedings pending final decisions by the Illinois Appellate Court in the State Appeals, and then to proceed as appropriate in light of the final dispositions of the state-court litigation, and for such other further relief as this Court may deem fair and just and proper in the premises.


Garry Meier, Plaintiff,


By <u>/s/ Walter P. Maksym, Jr.</u>
    Walter P. Maksym, Jr., his attorney


5

## ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing Memorandum, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and that the documents, if any, filed therewith are true and correct copies of the documents they purport to be.

/s/  Walter P. Maksym, Jr.
Walter P. Maksym, Jr., Plaintiff's Attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com

# EXHIBIT "A"

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
APPEAL TO
THE ILLINOIS APPELLATE COURT, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

Law Offices of Todd W. Musburger, Ltd.,   )
 )
        Plaintiff-Appellee,   )
 )     Case No. 04 L 003760
        v.   )
 )
Garry Meier,   )     Hon. Ronald F. Bartkowicz
 )     Judge Presiding - Calendar "Y"
        Defendant-Appellant.   )

## NOTICE OF APPEAL

To:    Thomas R. Mulroy  ✓
        Carlin R. Metzger
        Jonathan P. Harmon
        77 West Wacker, Suite 4100
        McGuireWoods, LLP
        Chicago, IL 60601

       Notice is hereby given that Garry Meier, Defendant-Appellant, hereby appeals to the Illinois Appellate Court, First District, from the Judgment entered on January 30, 2007 by Judge Ronald F. Bartkowicz and the order entered on September 26, 2007 denying his Post-Trial Motion, and prays for reversal thereof and/or reversal and remandment of this cause for further proceedings and a new trial with directions, and such other relief as may be just and proper in the premises.

                            Garry Meier, Defendant-Appellant,

                            By _____
                               Walter P. Maksym, his attorney

Walter P. Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 55061

FILE COPY

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
APPEAL TO
THE ILLINOIS APPELLATE COURT, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

FILED
JUN 18 PH 3:47

Todd W. Musburger, Ltd.,          )
                                  )
            Plaintiff,            )
                                  )
     v.                           )          Case No. 04 L 00760
                                  )
Garry Meier,                      )          Hon. Ronald F. Bartkowicz
                                  )          Judge Presiding · Calendar "Y"
                                  )
            Defendant.            )

## NOTICE OF FILING

To:    Thomas R. Mulroy
       Carlin R. Metzger
       Jonathan P. Harmon
       77 West Wacker, Suite 4100
       McGuireWoods, LLP
       Chicago, IL 60601

        Notice is hereby given pursuant to Supreme Court Rule 303(c) that on October 18, 2007 I
filed Defendant Garry Meier's Notice of Appeal with the Clerk of the Circuit Court of Cook
County, a copy of which is herewith enclosed and served upon you.

                              Garry Meier, Defendant-Appellant,

                                   *Original Signed By:*
                                   *Walter P. Maksym, Jr.*
                              By_____
                                   Walter P. Maksym, his attorney

## PROOF OF SERVICE

        Under penalties as provided by law, the undersigned certifies that he served true and correct copies
of foregoing on the above-listed attorneys by placing same in a properly addressed, sealed envelope with
proper postage affixed thereto and depositing same in the United States Mail at Chicago, Illinois on the 18th
day of October 2007.

                                   *Original Signed By:*
                                   *Walter P. Maksym, Jr.*
                              _____

Walter P. Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 55061

EXHIBIT "B"

FILE COPY

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
APPEAL TO
THE ILLINOIS APPELLATE COURT, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

Law Offices of Todd W. Musburger, Ltd.,      )
                                             )
            Plaintiff/Respondent-Appellee,   )
                                             )            Case No. 04 L 003760
            v.                               )
                                             )            Hon. Ronald F. Bartkowicz
Garry Meier,                                 )            Judge Presiding - Calendar "Y"
                                             )
            Defendant-Petitioner-Appellant.  )

### NOTICE OF APPEAL

To:    Carlin R. Metzger
       Jonathan P. Harmon
       77 West Wacker, Suite 4100
       McGuireWoods, LLP
       Chicago, IL 60601

Notice is hereby given that Garry Meier, Defendant-Petitioner-Appellant, hereby appeals to the Illinois Appellate Court, First District, from the final order entered on or about March 14, 2008 by Judge Ronald F. Bartkowicz dismissing Petitioner Garry Meier's Verified Petition to Void Vacate Judgment Pursuant to 735 ILCS 5/2-1401 with prejudice, and prays for reversal thereof and grant of said Petition and/or reversal and remandment of this cause for further proceedings and a new trial with directions, and such other relief as may be just and proper in the premises.

                              Garry Meier, Defendant-Petitioner-Appellant,

                              By _____
                                   Walter P. Maksym, his attorney

Walter P. Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 55061

FILE COPY

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
APPEAL TO
THE ILLINOIS APPELLATE COURT, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

Law Offices of Todd W. Musburger, Ltd.,    )
                                           )
            Plaintiff/Respondent-Appellee, )
                                           )        Case No. 04 L 003760
        v.                                 )
                                           )        Hon. Ronald F. Bartkowicz
Garry Meier,                               )        Judge Presiding - Calendar "Y"
                                           )
            Defendant-Petitioner-Appellant. )

NOTICE OF FILING

To:    Carlin R. Metzger
       Jonathan P. Harmon
       77 West Wacker, Suite 4100
       McGuireWoods, LLP
       Chicago, IL 60601

    Notice is hereby given pursuant to Supreme Court Rule 303(c) that on March 26, 2008 I
filed Defendant Garry Meier's Notice of Appeal with the Clerk of the Circuit Court of Cook
County, a copy of which is herewith enclosed and served upon you.

                                    Garry Meier, Defendant-Appellant,


                                    By_____
                                        Walter P. Maksym, his attorney

PROOF OF SERVICE

    Under penalties as provided by law, the undersigned certifies that he served true and
correct copies of foregoing on the above-listed attorneys by placing same in a properly addressed,
sealed envelope with proper postage affixed thereto and depositing same in the United States
Mail at Chicago, Illinois on the 26ʰ day of March 2008.

Walter P. Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 55061

# EXHIBIT "C"

APPEAL NO. 07-3080

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

LAW OFFICES OF TODD W. MUSBURGER, LTD.,

PLAINTIFF - APPELLEE,

v.

GARRY MEIER,

DEFENDANT - APPELLANT.



APPEAL FROM THE CIRCUIT COURT OF COOK COUNTY - LAW DIVISION
CASE NO. 04 L 3760 – HON. RONALD F. BARTKOWICZ, JUDGE PRESIDING

## ORDER

This cause coming on to be heard on Appellant's Motion to Extend Time to File the Record, due notice having been given, and with the court being fully advised in the premises,

IT IS ORDERED:

That Appellant's Motion to Extend Time to File the Record be and is hereby ALLOWED/DENIED and the time for filing the Record is extended to *30 July* 2008. That, because only a portion of the case file has been found and a large part of the case file still cannot be found by the Circuit Clerk, a briefing schedule shall be set after the record is prepared by the Circuit Clerk and the record is filed in this Court.

**ORDER ENTERED**

JUN 2 7 2008

APPELLATE COURT, FIRST DISTRICT

ENTER _____
                    Justice

_____
                    Justice

_____
                    Justice

Walter P. Maksym
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 5506!

# EXHIBIT "D"



APPEAL NO. 08-0314

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

LAW OFFICES OF TODD W. MUSBURGER, LTD.,

PLAINTIFF - APPELLEE,

v.

GARRY MEIER,

DEFENDANT - APPELLANT.

APPEAL FROM THE CIRCUIT COURT OF COOK COUNTY - LAW DIVISION
CASE NO. 04 L 3760 – HON. RONALD F. BARTKOWICZ, JUDGE PRESIDING

### ORDER

This cause coming on to be heard on Appellant's Motion to Extend Time to File the Record, due notice having been given, and with the court being fully advised in the premises,

IT IS ORDERED:

That Appellant's Motion to Extend Time to File the Record be and is hereby ALLOWED/DENIED and the time for filing the Record is extended to *July 18*, 2008. That, because the case file cannot be found by the Circuit Clerk, a briefing schedule shall be set after the record is prepared by the Circuit Clerk and the record is filed in this Court.

**ORDER ENTERED**

**JUL 0 2 2008**

**APPELLATE COURT, FIRST DISTRICT**

ENTER _____
                      Justice

_____
                      Justice

_____
                      Justice

Walter P. Maksym
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
Cook County Atty. No. 55061

EXHIBIT "E"

Certificate in Lieu of Record-
Appellate Court

(10/22/02) CCA-F 0012 A

## APPEAL TO THE APPELLATE COURT OF ILLINOIS
### FIRST DISTRICT
### FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CIVIL DEPARTMENT LAW DIVISION FIRST DISTRICT

LAW OFFICES of TODD W. MUSBURGER, Ltd,

Plaintiff/Respondent -Appellee,

Vs.

GARRY MEIER,

Defendant-Appellant.

CIRCUIT COURT NO.:    04 L 3760

TRIAL JUDGE:    HON. Ronald Bartkowicz

REVIEWING COURT NO.:    07-3080

### CERTIFICATE IN LIEU OF RECORD

I, DOROTHY BROWN, Clerk of the Circuit Court in said County and State and keeper of the records, files, and seal of the court, do hereby certify that the record on appeal in the above-captioned matter has been prepared and certified in the form required for transmission to the reviewing court.

(Here set forth a detailed table of contents of the record on appeal.)

I further certify that the record on appeal has this date been delivered to:
Walter P. Maksym, Esq
2056 N. Lincoln Ave

I do further certify that this certificate in lieu of record pursuant to Supreme Court Rule 325, is issued out of my office this 15th day of July, 2008.

CLERK OF THE CIRCUIT COURT

Appellate Court Certification Page                                    (10/21/02) CCA-F 0009

## APPEAL TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT
## FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### LAW OFFICERS OF TODD W. MUSBURGER,

**Plaintiffs/Respondent-Appellee,**

Vs.

### GARRY MEIER,

**Defendant/Petitoner-Appellant.**

| | |
|---|---|
| **CIRCUIT COURT NO.:** | 04 L 3760 |
| **TRIAL JUDGE:** | HON.Ronald Bartkowicz |
| **REVIEWING COURT NO.:** | 07-3080 |

The record has been prepared and certified in the form required for transmission to the reviewing court. It consists of:

| | |
|---|---|
| 9 | volume/s of Common Law Record |
| 8 | volume/s of Report of Proceedings |
| 4 | volume/s or Description of Exhibits |

(Here set forth a detailed table of contents of the record on appeal.)

Kindly acknowledge receipt of this record on the attached copy of this letter.

I do further certify that this certification of the record pursuant to Supreme Court Rule 324, is issued out of my office this 15th day of July, 2008.

_____
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CC:  Walter P. Maksym,Esq
   Appellant's attorney
   **2056 N. Lincoln Ave**
   Address
   **Chicago,IL 60614**
   City/State/Zip

Received this above record this
_____day of _____, _____

_____
CLERK OF THE REVIEWING COURT

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT "F"

Certificate in Lieu of Record-
Appellate Court

(10/22/02) CCA-F 0012 A

**APPEAL TO THE APPELLATE COURT OF ILLINOIS**
**FIRST DISTRICT**
**FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CIVIL DEPARTMENT LAW DIVISION FIRST DISTRICT**

LAW OFFICES of TODD W. MUSBURGER, Ltd,

|  |  |  |
|---|---|---|
| Plaintiff/Respondent -Appellee, | CIRCUIT COURT NO.: | 04 L 3760 |
| Vs. | TRIAL JUDGE: | HON. Ronald Bartkowicz |
| GARRY MEIER, | REVIEWING COURT NO.: | 08-0814 |
| Defendant-Appellant. | | |

**CERTIFICATE IN LIEU OF RECORD**

I, DOROTHY BROWN, Clerk of the Circuit Court in said County and State and keeper of the records, files, and seal of the court, do hereby certify that the record on appeal in the above-captioned matter has been prepared and certified in the form required for transmission to the reviewing court.

(Here set forth a detailed table of contents of the record on appeal.)

I further certify that the record on appeal has this date been delivered to:
Walter P. Maksym, Esq
2056 N. Lincoln Ave

I do further certify that this certificate in lieu of record pursuant to Supreme Court Rule 325, is issued out of my office this 15th day of July, 2008

CLERK OF THE CIRCUIT COURT

Appellate Court Certification Page                                    (10/21/02) CCA-F 0009

## APPEAL TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT
## FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### LAW OFFICERS OF TODD W. MUSBURGER,

                                                        **Plaintiffs/Respondent-Appellee,**

                                Vs.

### GARRY MEIER,

                                                        **Defendant/Petitoner-Appellant.**

CIRCUIT COURT NO.:        04 L 3760
TRIAL JUDGE:              HON.Ronald Bartkowicz
REVIEWING COURT NO.:      08-0814

The record has been prepared and certified in the form required for transmission to the reviewing court. It consists of:

9          volume/s of Common Law Record
8          volume/s of Report of Proceedings
4          volume/s or Description of Exhibits
(Here set forth a detailed table of contents of the record on appeal.)

Kindly acknowledge receipt of this record on the attached copy of this letter.

I do further certify that this certification of the record pursuant to Supreme Court Rule 324, is issued out of my office this 15th day of July, 2008.

                                        _____
                                        CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CC:  Walter P. Maksym,Esq
     Appellant's attorney
     2056 N. Lincoln Ave                    Received this above record this
     Address
                                            _____day of _____, _____
     Chicago,IL 60614
     City/State/Zip                         CLERK OF THE REVIEWING COURT


     DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS