```
             IN THE UNITED STATES DISTRICT COURT FOR
       THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GARRY MEIER,                      )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     Case No. 08 C 0216
                                  )
TODD W. MUSBURGER, individually,)       Hon. Jeffrey Cole
and d/b/a as a non-existent       )     U.S. Magistrate Judge
entity known as "Law Offices of  )
of Todd W. Musburger, Ltd.",      )     TRIAL BY JURY DEMANDED
TODD W. MUSBURGER, LTD., an       )
Illinois Corporation, and         )
BRIAN MUSBURGER,                  )
                                  )
            Defendants.           )
```

PLAINTIFF GARRY MEIER'S MOTION
TO EXTEND TIME AND FOR LEAVE TO FILE MEMORANDUM
IN OPPOSITION TO "DEFENDANTS' MOTION TO DISMISS
<u>MEIER'S COMPLAINT" AND TO RESET HEARING DATE</u>

NOW COMES the Plaintiff, Garry Meier ("MEIER") and moving for and extension of time and leave to file Plaintiff, Garry Meier's Memorandum in Opposition to "Defendants' Motion to Dismiss Meier's Complaint" ("MEIER'S Memorandum") stating as follows:

1.  That this court set July 31, 2008 as the date for Plaintiff to file a response ("MEIER's Response") to Defendants pending Motion to Dismiss ("Defendants' Motion").

2.  That MEIER'S counsel prepared and planned to timely e-file MEIER'S Response, Memorandum and Notice of Filing thereof (the "Response, Memorandum and Notice"") by using his Apple laptop computer ("Computer") while in Los Angeles, California to sit for the California Bar Exam conducted from July 29 through 31, 2008 and attend to other matter and business from July 20 through August 3, 2008. See copies of California Bar Exam Admittance Ticket and flight itinerary and hotel confirmation attached as Exhibits Nos. "1", "2" & "3".)

3.  That upon returning from an examination session, during

which a powerful earthquake occurred, to his eight floor room in the hotel near the Los Angeles International Airport ("LAX"), where he was staying and the California Bar Exam with accommodations was being conducted for him and other disabled applicant, when he discovered that his computer had been propelled to the floor by the force of the earthquake. The earthquake was reported to be the strongest to strike the populated area of Los Angeles in more than a decade. Said earthquake violently shook and damaged buildings in the area, cause them to sway, and toppled items to the ground. (See copies of Chicago Tribune article and The State Bar of California Committee of Bar Examiners's notice entitled "Information Regarding the Los Angeles Area Earthquake on Tuesday, July 29, 2008 and the Grading of the July 2008 California Bar Examination" as Exhibits Nos. "4" & "5")

    4. That thereafter, when MEIER'S counsel attempted to timely e-file MEIER'S Response, Memorandum and Notice on July 30 and 31, 2008, he initially experienced intermittent technical difficulties with his computer resulting in an erratic malfunctioning and sporadic operation that would not allow access to or control of the computer ("technical problems").

    5. That though said technical problems interfered with MEIER'S counsel attempts to e-file said Response and Notice, that he was eventually accomplish, while preparing to timely e-file the Memorandum, the computer screen, went totally and permanently dark preventing him and rendering him unable, despite his best efforts, to access the computer and complete e-filing MEIER'S Memorandum, or print out any documents.

    6. That promptly, and prior his scheduled return to Chicago August 3, 2008, the Meier's counsel sought out and attempted to have his computer repaired in Los Angeles. However, he was advised by an Apple Store "Genius" team, who made numerous

unsuccessful attempts to access the computer and diagnose the nature and cause of the problem, that a technical diagnose could not be made because its operating system and data could not be accessed due to the fact the computer screen was totally dark thus rendering the computer totally inoperable. (See Exhibit "6") MEIER's counsel was further advised by an Apple "Genius", that even with expedited service through Apple, the computer would have to be shipped out of area for diagnosis and repair to one of its regional technical facility and that, in order to do so, MEIER's counsel would have to sign a release and expect a possible loss of all data on the computer for which Apple would assume no responsibility.

    7. That as soon as MEIER's counsel returned to Chicago he went to the Apple Store to again attempt have his computer examined by another local Apple "Genius". There he received exactly the same advice as he received from the Apple Store Genus in Los Angeles.

    8. That in hopes of obtaining local and expedited repair MEIER'S counsel was then referred to Macspecialist, an Apple authorized local service provider, who likewise could not initially access the computer or diagnose the problem, but advised that they would attempt to do so on site. (See Exhibit "7") Leaving the computer for diagnostic and repair the problem was determined, a damaged and non-function part was ordered from Apple for replacement and it was finally repaired and was no received back, despite expedited service until a week later and then still had remaining technical problems. (See copy of Macspecialist Repair Bill attached as Exhibit "8")

    9. That in following the Apple "Genius'" and Macspecialist's technicians' advice to immediately update his computers operating system and install an archival program, another and further unexpected problems was encountered. Though the computer

3

would power-up, for several more days that Apple Store Genius' and Macspecialist's were unable to solve the problem of the computer would not exit for the "indexing mode" so as to allow use of its applications or access to its data, until, again a Macspecialist expert was finally able to solve that additional indexing problem, but further problems of frequent crashes and data loss persisted.

    10.   That without being able to access MEIER'S Memorandum, related files, research and work product for approximately two weeks, MEIER'S counsel's practice was effectively paralyzed.

    11.   That when MEIER counsel attempted to retrieve and Memorandum for e-filing pursuant to a motion for leave, he discovered that data had been lost, possibly in the process of his and others attempts get the computer working when the screen was dark and/or as a result of the above-mentioned other problems and/or the attempts to diagnosis and get the computer to operate.

    12.   That by reason of the foregoing, MEIER'S counsel was also unable to timely print out and deliver the Court with a hard copy of MEIER'S Response and Notice within twenty-four hours of its e-filing on July 31, 2008.

    13.   That following circumstances were unforeseen by MEIER and his counsel, caused by an earthquaker, an unforseen and unexpexted act of god/*force majeure event* outside their reasonable anticipation and control.

    14.   That the foregouing constiuted an especially disruptive to MIER'S counsel's practice because, in order to rearange his schedual so as to alow him to prepare, study, travel and sit for the California Bar, he needed to and did rescheduale and obtained continuances and extensions for the filing of appellate briefs and court dates and many meetings, professional and personal obligation and court dates, and appeal

briefs in to mid and late August and September of 2008 in the reasonable anticipation that he would be able to work on them routinely in August upon his return. However, being unable to access other documents and data and research files and work product of other clients, in addition to those of MEIER, not only caused delay with respect to this matter, but had a immobilizing effect on the rest of counsel's practice at a time when he had and was attempting to diligently perform and fulfill many other pressing obligations.

15. That despite MEIER's counsel's best efforts, due to said unexpected events and circumstances and other pending client obligations, court hearing dates and the other reasons hereinafter set forth, his disabilities hereinafter described, and a recent illness, he has been unable to complete and timely file his client's Memorandum, and has therfore needed additional time to do so for the reasons herein stated.

16. That beyond the normal pressing professional demands of his practice, Meier's counsel, a solo practitioner, who is right-handed, has been laboring under several physical handicaps. He has and is suffering from a chronic, painful and limiting physical ailment diagnosed by his physician as bilateral carpal tunnel syndrome. Said condition, a permanent physical disability, confirmed by objective scientific testing, affects the use of his the right hand, fingers, wrist and arm and causes, *inter alia*, writer's cramp, a condition that is an irreversible and progressive disability that has developed over more than thirty-five (35) years of performing, *inter alia*, repetitive tasks involving the use of the hand in connection with the practice of law. (See Exhibit "9")

17. That permanent disability has and continues impose difficulty upon and now generally interferes with the undersigned counsel's law practice and his ability to perform

related tasks on a timely basis by diminishing his ability to write neatly, accurately and at a customary and normal speed. It renders the performance of virtually all normal, everyday tasks painful and reducing his performance of such professional related services and tasks to approximately one third (1/3) his former normal speed, in the expert opinion of said physician and in the experience of the undersigned counsel. (See Exhibit "9")

18. That said disability makes it difficult and time consuming for the undersigned counsel to read his own writing and notes that are often illegible despite his best efforts to the contrary. In order to perform writing, computer and other tasks such as those associated with the preparation, *inter alia*, of written pleadings, motions and briefs. To accomplish such tasks, the undersigned counsel must take frequent and time consuming breaks in order to manage counsel's pain and discomfort with medication. Therefore, the undersigned counsel now regularly needs and requires, of necessity, approximately three (3) times the time it once took him, and would take an individual not so disabled, to perform and complete writing and associated tasks relating to the preparation of legal documents such as the preparation, *inter alia*, of pleadings and briefs, etc. (See Exhibit "9")

19. That based on the foregoing permanent disability and prior inability to complete the California Bar Exam within the time limitation proscribed by the California Board of Bar Examiners, the undersigned counsel successfully petitioned said Board of Bar Examiners for special accommodations in order retake said exam at a later date. The State Bar of California and the State of Illinois has officially acknowledged said disability as permanent and limiting and therefore has recently granted MEIER's counsel special accommodations to counsel reserved only for disabled persons upon verified proof thereof

by reason of said counsel's aforesaid permanent disability. (See Exhibit "10")

20. That additionally and beyond the above physical difficulties, MEIER'S undersigned counsel has also became further disabled by chronic and debilitating back and degenerative hip-joint problems that have further interfered with his ability to practice as well as his mobility and normally daily affairs and activities and that has caused him chronic pain, suffering and discomfort that has required him to take prescription medications ongoingly. It has resulted in him being confined to bed, being immobilized, and unable to walk, at times, for well over a month, for which he has undergone extensive testing As a result, due to the death of his long time Chicago orthopedic surgeon, Dr. Louis Kolb, and following consultation with and further examinations by several physicians, including Los Angeles based orthopedic surgeon Dr. Herbert Huddleston and Dr. Richard Wixson, Professor of Orthopeadics at the Northwestern University Medical School, both have recommended a total hip replacement as the only method to regain mobility and hopefully diminish his chronic, debilitating pain.

21. That further, in addition to the several permanent disabilities described he also been extremely ill and has been undergoing treatment for another serious infection and has undergone numerous in-hospital tests including CAT-Scans and a battery of other medical tests at Northwestern Memorial Hospital from during the Spring and Summer of this year. (See Exhibit "11")

22. That by reason of the convergence of foregoing events, and circumstances and the other demands of said counsel's practice, he needed to seek time consuming continuances and extensions in other court matters by reason of the foregoing and

it has likewise become necessary to request an extension of time and leave herein to complete, file MEIER'S Memorandum.

23. That MEIER'S counsel invested great time and effort in researching and preparing, and then dilgently devoted substantial additional time and effort to reconstruct reprepare attempting to reconstruct MEIER's Memorandum for filing and Memorandum and at the time of filing this Motion is near its completion.

24. That as a result of the forgoing unforeseen events, technical problems, and circumstances, MEIER'S counsel has needed of additional time to re-construct and re-prepare, complete and file MEIER'S Memorandum.

25. That but for the foregoing constraints, events, occurrences, disability, circumstances and pressing obligations MEIER's counsel, the only attorney knowledgeable and of record in this matter, was unable to file MEIER's Memorandum by the filing date previously set by this Court would have been be able to timely file it, provide hard copies of said other e-filing and could have filed this motion more promptly.

26. That this Court's having MEIER's Memorandum available would assist the court in rendering a fair, just and correct ruling on Defendants' pending motion.

27. That by reason of the foregoing good cause exists to extend time and grant a reasonable and sufficient extension within which to file MEIER's Memorandum and/or grant leave to file it upon tender.

28. That this Motion is made in good faith for purposes of necessity only and not for purposes of delay.

29. That it is in the interests of justice to resolve matters on the merits and the grant of this Motion will work substantial justice and fairness between the parties without imposing an undue hardship or prejudice upon the Defendants.

30. That this Motion is filed at MEIER's counsel's earliest opportunity and prior to the hearing date on Defendants' pending motion to Dismiss which MEIER has move to and ought be stayed.

31. That this Motion is made in good faith for purpose of necessity only and not for purposes of delay.

32. That intends to tender MEIER'S Memorandum for filing prior to the time this Motion is set for hearing.

WHEREFORE, Garry Meier, Plaintiff, and his counsel respectfully pray that this Court excuse late delivery of print the timely e-filed Response and Notice and enter an order granting a short extension of time to file MEIER'S Memorandum and/or granting him leave to file it *instanter,* if counsel can complete and tender it by the date this motion is heard, or on such date as the Court may set, thereby providing a reasonable and sufficient time under the circumstances as this court may deem reasonable, and taking into account the forgoing situation, that Defendants be provided time to reply, and that the pending September 12, 2008 hearing date be continued and reset to a new date convenient to the Court and counsel, and for such other further relief as this Court may deem appropriate under the circumstances and that is fair, just and proper in the premises.

                         Garry Meier, Plaintiff,

                         By /s/ Walter P. Maksym, Jr.
                            Walter P. Maksym, Jr., his attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com

ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

    /s/  Walter P. Maksym, Jr.
    Walter P. Maksym, Jr., Plaintiff's Attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
e-mail: wmaksym@gmail.com